**In the Matter of WILLS TRAVEL SERVICE, INC., d/b/a Wills World of Travel, Debtor.**

**AIRLINES REPORTING CORPORATION, Plaintiff,**

v.

**WILLS TRAVEL SERVICE, INC., d/b/a Wills World of Travel, Defendant.**

**Bankruptcy No. 86–2934.
Adv. No. 86–407.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 10, 1987.

M. Jay Lancer, Sarasota, Fla., for defendant.

Robert J. Wahl, St. Petersburg, Fla., for plaintiff.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case, and the matter under consideration is a Motion for Summary Judgment filed by Airlines Reporting Corporation (ARC), the Plaintiff who commenced this adversary proceeding. The Complaint filed by ARC sought a declaratory relief and turnover of certain traffic documents and airline identification plates in possession of Wills Travel Service, Inc., d/b/a Wills World of Travel, the Debtor (Debtor), which, according to ARC, are not properties of the estate and, therefore, so contends ARC, it is entitled to immediate possession of same. In addition, ARC seeks a declaration that a certain agreement between ARC and the Debtor, while facially an executory contract, it is a contract to extend financial accommodations, therefore, by virtue of § 365(c)(2) of the Bankruptcy Code, is not the type of executory contract which can be assumed by a Debtor. It is the contention of ARC based on this record consisting of the proceedings and certain depositions, exhibits, and affidavits, that there are no genuine issues of material facts and ARC is entitled to a judgment for the relief it seeks as a matter of law. The Court heard arguments of counsel and considered the record and the relevant authorities and now finds and concludes as follows:

ARC is a Delaware corporation whose shareholders are most of the scheduled airlines in the United States. ARC serves as a clearing house for airline tickets sold by travel agents throughout the United States. The Debtor is a corporate travel agency located in Sarasota, Florida, who filed its voluntary Petition for Relief under Chapter 11 in this Court in July 1986.

On January 22, 1986, ARC and the Debtor entered into an agreement entitled "Agent Reporting Agreement." Pursuant to this Agreement ARC furnished traffic documents to the Debtor which are, in fact, blank airline tickets and also furnished to the Debtor what are called airline identification plates, which are small, flat, rectangular metal items, on each of which is embossed the trade name, the logo, and the three-digit identification code number of the particular airline to which the plate belongs. The travel agent when it sells an airline ticket will write the ticket on the traffic document on which it will imprint the airline identification plate and also its own identification. Once the ticket is issued by the travel agent, the airline whose ticket is involved must honor the ticket when presented by the traveler.

It is without dispute that without the airline identification plates the travel agent is unable to sell airline tickets to the public. The Agent Reporting Agreement is without doubt an agency agreement between the principal, ARC, and the Debtor as the agent. Under this agreement the Debtor has certain obligations, *inter alia*, the duty

to file the periodic reports with ARC scheduling all tickets sold during the reporting period identifying the airline whose ticket was sold. Upon the submission of the report ARC is entitled to draw a check on a special account to be set up under the Agreement to handle the funds collected by the travel agent from purchases of airline tickets.

The basic underlying controversy between the Debtor and ARC centers around a dispute of first whether or not the Debtor breached this particular Agreement, defaulted under its terms and, therefore, according to ARC, the Agreement is no longer valid; second, whether or not this was an executory contract to furnish financial accommodations, therefore, it is not assumable by the Debtor even if the contract was not effectively terminated prior to the commencement of the case; and third, in any event, the traffic documents and the airline identification plates are not properties of the estate, therefore, they must be turned over to ARC because the Debtor has no right to retain possession of same. This contention is based on Part XI of the Agreement deals with the delivery and withdrawal of traffic documents and airline identification plates. In Sub-paragraph C, Part XI provides that the airline identification plates shall remain the property of the carrier and shall be returned to it upon demand or upon the termination of the Agreement between the agent and the carrier. Sub-paragraph D of Part XI provides that all traffic documents which are supplied to the Debtor shall be held in trust for ARC by the Debtor until issued to a purchaser of a ticket and shall be surrendered upon demand together with all airline identification plates to ARC. It is without dispute that ARC holds a full Power of Attorney from the participating airlines authorizing ARC to act on their behalf concerning the airline identification plates.

The initial inquiry, of course, must begin with the analysis of the true legal nature of the Agent Reporting Agreement, particularly an initial determination of the question of whether it is a type of contract which, while it is clearly executory, is still not assumable because it is, in fact, a contract to extend financial accommodations. If this is true, the Debtor is not in a position to assume the same by virtue of § 365(c)(2) of the Bankruptcy Code. If the answer to this question is in the affirmative, that is, the version urged by ARC is accepted by this Court, that would, in turn, moot out the second question, which is whether or not the traffic documents and the airline identification plates are properties of the estate within the meaning of § 541 of the Bankruptcy Code.

The resolution of the first issue raised by ARC concerning the legal nature of this contract is not without difficulty. § 365(c)(2), which deals with executory contracts, provides as follows:

§ 365(c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(2) such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor.

■ A plain reading of this Section indicates that executory contracts to make a loan or extend other debt financing or financial accommodation are not assumable. The legislative history of this Section indicates that the characterization of contracts to make a loan or to extend credit or debt financing was intended to be limited to actual extension of cash or the extension of a line of credit and was not intended to embrace ordinary leases or contracts to provide goods or services with payments to be made over time.

■ To overcome the obvious, ARC urges that this Court should follow the close literal reading of this Section because the legislative history and the remarks are ambiguous, because at one point it is indicated that the contracts which may not be assumed would include contracts to sell goods or services on credit.

Based on this, ARC urges what is involved in this case is a financial accommodation by ARC to the Debtor, because when the Debtor sells an airline ticket, it immediately obligates the carrier to honor the ticket sold, and at the same time exposes ARC to liability to the carrier if the Debtor fails to remit the appropriate amount to be deposited in the joint account for the particular ticket sold. In support of this proposition ARC cites *In re Postle Enterprises, Inc.*, 48 B.R. 721 (Bankr.D. Ariz.1985); *In re Adana Mortgage Bankers, Inc.*, 12 B.R. 977 (Bankr.N.D.Ga.1980). *Postle* involved a lease agreement which required the landlord to expend $150,000.00 in construction allowances to a tenant. The Court concluded such contract was, in fact, a contract to make a loan or extend other financing or financial accommodations, and therefore, it was not an assumable executory contract by virtue of § 365(c)(2). The facts involved in *Postle* are significantly different from the facts involved in this case for the simple reason that in *Postle* the landlord was actually required to part with monies and expend $150,000.00.

In the present instance it is clear that neither ARC directly or through the carriers ever intended to extend any credit to the Debtor. On the contrary, under the Agency Reporting Agreement, no credit extension was ever contemplated, and as noted earlier, it was the duty of the Debtor to make the periodic reports to ARC on all sales made and to deposit at once the monies derived from the sales less its commission in a special account on which ARC had the right to draw immediately the appropriate amount to be remitted to the carriers involved. Thus, what is involved in this present situation is the sale of services by an agent on behalf of a principal duly authorized to function as such and who was also authorized, obviously, under the contract to use the airline identification plates and the traffic documents involved, both of which were indispensable for the performance by the Debtor under the Agency Reporting Agreement.

The right of a Debtor to continue to use these items would, of course, depend entirely on whether or not the contract is still in good standing or, in fact, has been breached by the Debtor, therefore, the contract has been effectively terminated. This is clearly a hotly contested issue which, of course, prevents a summary disposition of this matter. Having concluded that this particular contract is not the type of executory contract which cannot be assumed under § 365(c)(2), the question of whether or not the traffic documents and the airline identification plates are properties of the estate or not is relevant. This is so because if the Debtor is able to assume this executory contract, having concluded it is assumable, it is obvious that its right to use the traffic documents, and the airline identification plates are indispensable tools needed to perform this contract. This being the case, since the Debtor's right to function as an agent of ARC to the extent of its right to use these items, is concomitant with the other rights under the agency contract and the Debtor should not be compelled to surrender and turn over the same to ARC. This is so, even though these documents are not properties of the estate, at least the airline identification plates, which subject is specifically covered by the agreement. Whether the traffic documents are or are not properties of the estate is not really material because they cannot be used effectively without the airline identification plates. Based on the foregoing, this Court is satisfied this controversy cannot be resolved as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and the same is hereby, denied.