**In re David Bruce ZUMBRUN, aka David B. Zumbrun, Debtor.**

**FORTUNE & FAAL, Appellant,**

**v.**

**David Bruce ZUMBRUN, aka David B. Zumbrun, Appellee.**

**BAP No. CC 86–1739 MoVJ.**

**Bankruptcy No. LA 82–04252–CA.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 17, 1988.

Decided July 19, 1988.

Edi M.O. Faal, Law Offices of Fortune & Fall, Downey, Cal., for appellant.

David S. Hagen, Hagen & Hagen, Encino, Cal., for appellee.

## OPINION

Before MOOREMAN, VOLINN and JONES, Bankruptcy Judges.

This appeal arises out of the bankruptcy court's order granting sanctions against the appellant law firm (Fortune & Faal) in the amount of $4,000. The sanctions were awarded pursuant to 11 U.S.C. § 362(h) for willful violation of the automatic stay. The essence of the alleged violation was that appellant had commenced a state court action on behalf of certain creditors after receiving notice of the debtor's bankruptcy filing.

## FACTS

The debtor is the general partner in several limited partnerships and filed his voluntary Chapter 11 petition on March 16, 1982. On October 28, 1985, the debtor's schedules were amended to include certain additional creditors. On November 14, 1985, a group of investors from the limited partnerships, through their attorney Mr. Faal, filed an action in California state court (the basis of the state court action is not apparent from the record). These investors had been listed on the debtor's amended schedules and had received notice of the debtor's bankruptcy. Additionally, the debtor states that the state court complaint did in fact refer to the debtor's bankruptcy and thus the appellant had notice of the pending bankruptcy and the imposition of the automatic stay. This is not disputed by the appellant.

The debtor hired the law firm of Frye, Brandt & Lyster to represent him in the state court action, while a separate law firm (Hagen & Hagen) represented the debtor in the bankruptcy matters. On March 27, 1986, the debtor's bankruptcy attorney sent Mr. Faal a letter which warned that the state court action was in willful violation of the bankruptcy proceedings. The letter further requested that the state court proceedings be voluntarily dismissed or the debtor would seek sanctions pursuant to § 362(h).

The appellant refused to dismiss the state court action and accordingly, the debtor filed with the bankruptcy court a Motion for Sanctions for Willful Violation of the Automatic Stay. The above motion was served upon the appellant and contained a caption which included the names of the group of investors "AND THEIR COUNSEL OF RECORD, EDI M.O. FAAL." Mr. Faal filed an Opposition to the Motion for Sanctions, arguing that "[t]he respondents herein are not subject to the jurisdiction of the Court." As a basis for this argument, Mr. Faal argued that they had not "appear[ed] as creditors in this matter and they did not file any claims against the estate." Mr. Faal further argued that they had not been "served with an order to show cause."

On June 10, 1986, a hearing was held on the motion for sanctions, at which neither the appellant nor the investors appeared. At the hearing, the bankruptcy court determined that the filing of the state court action was in willful violation of the automatic stay, and consequently took offers of proof from the debtor's counsel (Mr. Hagen) as to the damages and costs incurred as a result of the violation. This evidence included Mr. Hagen's statement that the debtor had paid "$3,300 out of his pocket to his state court lawyers to date to take care of the matter in state court to protect his rights." Later, however, Mr. Hagen indicated that a $3,500 retainer had been paid to the debtor's "state court attorneys." Mr. Hagen also indicated that he had "put in about four hours in the matter" including the appearance at the hearing for an amount of $500.

Based upon the above information, the bankruptcy court determined that the investors would not be personally liable for the damages, because they had not been "personally served with notice" of the Motion for Sanctions. However, because Mr. Faal had been served with the Motion, the bankruptcy court ordered sanctions be imposed against the appellant in the amount of $4,000.

The above order was entered on June 19, 1986, and the appellant filed an *untimely* Motion for Reconsideration on July 18, 1986. Nine days after the Motion for Reconsideration was denied, the appellant filed the underlying Notice of Appeal.

## DISCUSSION

Initially, the debtor argues that the appeal should be dismissed on the basis that the Notice of Appeal was untimely filed. While generally, a *timely* Motion for Reconsideration will toll the running of the time to file a Notice of Appeal, an *untimely* Motion for Reconsideration will not do so. B.R. 8002(b). On the face of the record, the Notice of Appeal is untimely since no Notice of Appeal was filed within the required time period and no timely Motion for Reconsideration tolled the time for filing a Notice of Appeal. However, the Motion for Reconsideration essentially attacked the underlying sanctions order as "void," on the basis that the bankruptcy court lacked jurisdiction to enter such an order. Accordingly, the appellant's motion was essentially a motion to set aside a void judgment for lack of jurisdiction pursuant to Fed.R.Civ.P. 60(b)(4). On this basis, the appellant could properly bring the motion at anytime. *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir.1985). The appellant's notice of appeal from the order denying the motion to set aside was timely filed. This Panel, thus, has jurisdiction to address the limited issue of the bankruptcy court's jurisdiction to hear the underlying motions for sanctions.

### *Personal Jurisdiction*

The appellant argues that due process required the service of a summons and complaint or in the alternative an order to show cause issued from the bankruptcy court. Although not clearly argued, the appellant appears to assert that a request for sanctions pursuant to section 362(h) must be brought as an adversary proceeding in which a summons and complaint is filed and served. However, the appellant cites no authority for this proposition.

Bankruptcy Rule 7001 sets forth ten proceedings which are to be filed as an adversary proceeding. A sanctions request for willful violation of the automatic stay is not included within the Rule nor can it be logically implied within Bankruptcy Rule 7001 proceedings. On the other hand, the debtor argues that the underlying proceeding involved a *contested matter* pursuant to Bankruptcy Rule 9014.

Although not expressly set forth, the appellant's argument seems to be that due process requirements are not satisfied if the matter is considered a contested matter (where the relief shall be requested by motion), as compared to an adversary proceeding (where the relief is sought through a summons and complaint). The appellant's argument has no basis, however, in light of Bankruptcy Rule 9014's clear requirements that the fundamental requisites of due process must be satisfied in a contested matter in the same manner as in an adversary proceeding. Bankruptcy Rule 9014 requires that "[t]he motion shall be served in the manner provided for service of a summons and complaint by Rule 7004...." Thus, the same due process requirements are applicable to both Bankruptcy Rules 7004 and 9014.

It is undisputed that the motion for sanctions was served upon the appellant and included in the prayer for relief a request for "costs and fees against the parties who are plaintiffs in the State Court proceeding *and their counsel in the amount to be shown at hearing....*" (emphasis added). It is also undisputed that the appellant filed an opposition to the motion, but chose not to appear at the hearing. Under these circumstances, the appellant had sufficient notice to "apprise [it] of the pendency of the action and af-

ford [it] an opportunity to present [its] objections." *Mullane v. Central Hanover Trust Company,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Accordingly, due process requirements were satisfied.[1]

### Subject Matter Jurisdiction

Although a motion for sanctions under section 362(h) is not explicitly listed in 28 U.S.C. § 157(b)(2), section 157(b)(2)(G) specifically deals with motions regarding the automatic stay. Further, it is recognized that such a proceeding is a core proceeding because the automatic stay is a "creature peculiar to federal bankruptcy law" and it "plays a fundamental role in the administration of the Bankruptcy Code." *In re Elegant Concepts, Ltd.,* 67 B.R. 914, 917 (Bankr.E.D.N.Y.1986) (citation omitted); *see also In re Depew,* 51 B.R. 1010 (Bankr.E.D.Tenn.1985). The appellant's argument that the Bankruptcy Court lacked proper jurisdiction to enter the underlying order is without authority and contrary to well accepted bankruptcy practice.

### Notice to the Appellant

Additionally, the appellant argues that the Motion for Sanctions "was *not* addressed to Fortune & Faal (appellant), rather it was addressed to [the investors] and their Counsel of record Edi M. O. Faal." Thus, the appellant argues that it was not given proper notice or an opportunity to be heard.

As previously set forth, it is undisputed that the motion for sanctions was served upon the appellant, named the appellant as a party and included in the prayer for relief a request for "costs and fees against the parties who are plaintiffs in the State Court proceeding *and their counsel in the amount to be shown at hearing....*" The fact that the *motion* contained only the

name of Mr. Faal rather than the firm name of Fortune & Faal is irrelevant. It is well settled that a partnership will be liable for the acts of the partners that arise within the ordinary course of the business.

In the instant case, the Motion for Sanctions specifically named Mr. Faal as a party to the matter and also specifically sought imposition of sanctions against him. Under these circumstances, the appellant was given more than reasonable notice to apprise it that sanctions were being sought against it.

### Actual Damages

Finally the appellant argues that there is no evidence of "actual damages" and that the bankruptcy court's award of $4,000 is based on unsupported statements by Mr. Hagen. As previously set forth, the instant appeal is limited to the issue of jurisdiction. Accordingly, the issue of actual damages or the amount of sanctions awarded is not properly before this Panel. The appellant failed to file a timely notice of appeal in order to attack the substance of the bankruptcy court's order.

### CONCLUSION

Based upon the foregoing, this Panel finds that the bankruptcy court had proper jurisdiction to enter the underlying order imposing sanctions upon the appellant. Accordingly, the bankruptcy court's order is AFFIRMED.

**1.** Although there do not appear to be any cases that specifically address the issue, numerous cases implicitly recognize the imposition of sanctions under section 362(h) by means of a "motion" rather than a complaint. *E.g. Budget Service Co. v. Better Homes of Virginia,* 804 F.2d 289, 291 (4th Cir.1986); *Fidelity Mortgage Inves-* *tors v. Camelia Builders Inc.,* 550 F.2d 47, 50 (2d Cir.1976) (granting a *motion for sanctions* for the filing of a state court action in violation of the automatic stay, even though prior to the enactment of § 362(h)); *In re Elegant Concepts,* 67 B.R. at 917.