In re **KARSH TRAVEL, INC.**, aka **Ukiah Tour and Travel**, Debtor.

**KARSH TRAVEL, INC.**, Plaintiff,

v.

**AIRLINES REPORTING CORPORATION**, Defendant.

Nos. C–88–4724–CAL to C–88–4726–CAL.

United States District Court, N.D. California.

July 27, 1989.

11 U.S.C. Section 365(a), or whether the agreement may not be assumed because it is a "debt financing or financial accommodation" which is precluded from assumption by 11 U.S.C. Section 365(c)(2).

The Bankruptcy Court determined that the agreement was assumable, in a memorandum decision dated June 27, 1988, reported at 87 B.R. 110. That memorandum decision is the judicial act appealed from in one of these appeals; and it forms the basis for the judgment appealed from in the second, and the order authorizing the assumption appealed from in the third. It appears from the record that the decisions appealed from are final and that judgment has been entered in the adversary proceeding.

This court has jurisdiction over these three appeals pursuant to 28 U.S.C. Section 158(a). The decisions of the Bankruptcy Court are reviewed by this court under (a) the clearly erroneous standard as to the Bankruptcy Court's findings of fact, and (b) the *de novo* standard as to the Bankruptcy Court's conclusions of law. *Pizza of Hawaii, Inc. v. Shakey's Inc.*, 761 F.2d 1374, 1377 (9th Cir.1985). Any decisions within the discretion of the Bankruptcy Court are reviewed only for abuse of discretion. *Posner v. Tabone*, 700 F.2d 1243, 1246 (9th Cir.1983).

This court has reviewed the arguments and authorities set forth in appellant's two briefs. The court has also reviewed 11 U.S.C. Section 365, its legislative history, the memorandum of decision of the Bankruptcy Court, and the decisions of three other courts which have dealt with the assumability of similar or identical agreements between ARC and travel agents in bankruptcy: *In re The Travel Shoppe, Inc.*, 88 B.R. 466 (Bankr.N.D.Ga.1988), *In the Matter of Wills Travel Service, Inc.*, 72 B.R. 380 (Bankr.M.D.Fla.1987); and *In the Matter of Lockspur, Inc.*, 82 B.R. 37 (Bankr.E.D.La.1987).

## ORDER

LEGGE, District Judge.

Appellant Airlines Reporting Corporation ("ARC") appeals from three decisions of the Bankruptcy Court in regard to the bankruptcy proceedings of appellee Karsh Travel, Inc., dba as Ukiah Tour and Travel ("Karsh"). Karsh did not file a brief in opposition to the appeals but nevertheless opposes reversal of the three decisions.

One of the Bankruptcy Court's decisions was entered in Karsh's Chapter 11 proceeding, and two were entered in the adversary proceeding between Karsh and ARC. All three decisions hinged on one central issue: whether the Agent Reporting Agreement, made in writing between ARC and Karsh prior to the bankruptcy, can be assumed by Karsh in its bankruptcy proceedings under

I.

This court concurs in the memorandum of decision of the Bankruptcy Judge. The agreement is one under which the trav-

el agent becomes the agent of the airlines for the sale of their services (*i.e.*, travel on an airline), for the collection of money from the travelers for those travel services, and for the transmittal to the airlines of a portion of the monies collected. It is in essence a sales agency agreement. It is an executory arrangement which the bankrupt may assume or reject, subject to the approval of the Bankruptcy Court, under 11 U.S.C. Section 365(a). Although the agreement clearly contemplates the collection of money by the travel agent, and the forwarding of money to the airlines, it is not a "debt financing or financial accommodation" provided to or for the benefit of the travel agent, within the meaning of 11 U.S.C. Section 365(c)(2).

## II.

■ ARC argues that the Bankruptcy Court had no jurisdiction or procedural basis for making its decision on the assumability of the agreement. The argument is that the motion to assume the agreement was heard on inadequate notice under Bankruptcy Rules 6006(a) and 9014, and under Local Rule 740–7. However, the Bankruptcy Court's hearing of the proceedings on shortened time did not deprive that court of jurisdiction. And ARC does not demonstrate that the allegedly inadequate notice prejudiced it. ARC filed an opposition to the motion when it was first calendared, and had an adequate opportunity to oppose the renewed motion, both in writing and orally. Whatever procedural error may have been made by the Bankruptcy Court in allowing the renewed motion to be heard on shortened notice was harmless.

## III.

■ ARC argues that the proceedings were also defective because Karsh failed to move for a preliminary injunction. Although the usual procedure for requesting injunctive relief is by motion, it can also be requested by an order to show cause. The record demonstrates that an order to show cause was entered in the Bankruptcy Court.

ARC also contends that the Bankruptcy Court erred in granting the injunction without the required findings. A party seeking a preliminary injunction under Bankruptcy Rule 7065 bears the burden of proving either (1) a combination of probability of success on the merits and irreparable injury, or (2) that substantial questions are raised and the balance of hardships tips in its favor. *Chalk v. District Court*, 840 F.2d 701, 704 (9th Cir.1988). A hearing on the order to show cause was held by the Bankruptcy Court. Adequate findings were made by the Bankruptcy Court at that hearing and in the memorandum of decision of June 27, 1988.

## IV.

■ ARC challenges the Bankruptcy Court's award of damages against it for violation of the automatic stay of 11 U.S.C. Section 362. ARC challenges that award on two grounds.

The first contention is that the Bankruptcy Court had no basis for finding that ARC had committed a willful violation of the automatic stay. The Ninth Circuit has recently defined the meaning of the words "willful violation" as used in Section 362(b). *Goichman v. Bloom*, 875 F.2d 224 (9th Cir.1989), quoting *INSLAW, Inc. v. United States*, 83 B.R. 89 (Bankr.D.D.C.1988.) The court stated that a violation of the stay is not excused because the party believed in good faith that it had a right to the property. The tests are whether (1) ARC knew of the stay and (2) its acts which violated the stay were intentional.

The Bankruptcy Court awarded damages against ARC under section 362(h). The Bankruptcy Court found that ARC willfully violated the automatic stay by refusing to issue new ticket stock to Karsh unless the pre-petition debts were paid. The court made its findings in part on the basis of letters sent to Karsh by ARC. This court believes that the Bankruptcy Court's decision was supported both by sufficient evidence in the record and by the law.

ARC also attacks the award on procedural grounds, arguing that such damages can only be awarded based upon a finding of

contempt or upon a judgment. However, this court believes that the procedure used here, a motion filed by the debtor and heard by the district court, was appropriate procedure under the authority of *Fortune & Faal v. Zumbrun,* 88 B.R. 250 (Bankr. 9th Cir.1988).

### V.

Since ARC is not the prevailing party in either the Bankruptcy Court or this appeal, ARC's request for costs and attorneys fees is denied.

IT IS THEREFORE ORDERED that the decisions of the Bankruptcy Court in the three above entitled appeals are affirmed.