**In re Larry Gene ENGLUND and Marianne Englund, Debtors.**

**Larry Gene Englund and Marianne Englund, Debtors–Appellants,**

v.

**SBS Financial Services, Inc., Creditor–Appellee.**

No. 08–6049.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted: Jan. 30, 2009.

Filed: Feb. 19, 2009.

Patrick T. Dougherty, Sioux Falls, SD, for appellant.

Before MAHONEY, SCHERMER, and VENTERS, Bankruptcy Judges.

PER CURIAM.

This an appeal of the bankruptcy court's order denying the Debtors' motion for contempt against creditor SBS Financial Services, Inc. for alleged violations of the discharge injunction. The motion was denied on purely procedural grounds; the bankruptcy court concluded that the Debtors were required to file an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001—instead of a motion—because they sought to recover monetary damages from SBS Financial. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b).

Federal Rule of Bankruptcy Procedure 9020 specifically states that motions for contempt are governed by Rule 9014—the rule under which contested motions are brought. The fact that a motion for contempt seeks monetary damages does not transform the action into one that must be pursued as an adversary proceeding.[1] Federal Rule of Bankruptcy Procedure 9014 provides essentially the same due process requirements for contested matters that are applicable to adversary proceedings and should alleviate any concerns the bankruptcy court might have for the creditor's due process protections.

Accordingly, the bankruptcy court's order is reversed and the matter is remanded for further proceedings.

---

1. *See, e.g., In re Zumbrun,* 88 B.R. 250, 252 (9th Cir. BAP 1988); *In re Bock,* 297 B.R. 22, 32 (Bankr.W.D.N.C.2002). *See also Budget Service Co. v. Better Homes of Virginia,* 804 F.2d 289, 291 (4th Cir.1986) (granting motion for monetary sanctions for violation of automatic stay).