## United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 08-6049

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Larry Gene Englund and Marianne | * | |
| Englund, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Larry Gene Englund and Marianne | * | |
| Englund, | * | |
| | * | Appeal from the United States |
| Debtors - Appellants, | * | Bankruptcy Court for the District of |
| | * | South Dakota |
| v. | * | |
| | * | |
| SBS Financial Services, Inc., | * | |
| | * | |
| Creditor - Appellee. | * | |

_____

Submitted: January 30, 2009
Filed: February 19, 2009

_____

Before MAHONEY, SCHERMER, and VENTERS, Bankruptcy Judges.

_____

Per Curiam.

This an appeal of the bankruptcy court's order denying the Debtors' motion for contempt against creditor SBS Financial Services, Inc. for alleged violations of the discharge injunction. The motion was denied on purely procedural grounds; the

bankruptcy court concluded that the Debtors were required to file an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001 – instead of a motion – because they sought to recover monetary damages from SBS Financial. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b).

Federal Rule of Bankruptcy Procedure 9020 specifically states that motions for contempt are governed by Rule 9014 – the rule under which contested motions are brought. The fact that a motion for contempt seeks monetary damages does not transform the action into one that must be pursued as an adversary proceeding.[1] Federal Rule of Bankruptcy Procedure 9014 provides essentially the same due process requirements for contested matters that are applicable to adversary proceedings and should alleviate any concerns the bankruptcy court might have for the creditor's due process protections.

Accordingly, the bankruptcy court's order is reversed and the matter is remanded for further proceedings.

---

[1] *See, e.g.*, *In re Zumbrun*, 88 B.R. 250, 252 (B.A.P. 9th Cir. 1988); *In re Bock*, 297 B.R. 22, 32 (Bankr. D. N.C. 1976). *See also Budget Service Co. v. Better Homes of Virginia*, 804 F.2d 289, 291 (4th Cir. 1986) (granting motion for monetary sanctions for violation of automatic stay).