**In re AMERICA'S SHOPPING CHANNEL, INC., a Louisiana Corporation, Reorganized Debtor.**

**Bankruptcy No. 88-03483-B11.**

United States Bankruptcy Court,
S.D. California.

Jan. 3, 1990.

**6**

David J. Lustberg, Gray, Cary, Ames and Frye, San Diego, Cal., for reorganized debtor.

David L. Buchbinder, San Diego, Cal., for creditor.

## ORDER ON MOTION FOR RECONSIDERATION

PETER W. BOWIE, Bankruptcy Judge.

The Reorganized Debtor noticed for hearing objections to claims filed by creditors. The ground asserted for the objections presently before the Court was that the creditors had received avoidable preferences and therefore their claims must be disallowed under 11 U.S.C. § 502(d).

Some creditors opposed the claim objections, variously asserting contemporaneous exchanges or ordinary course of business as defenses. The issue was thus posed whether the Court could properly resolve a claim objection in the context of a contested matter, as distinct from an adversary proceeding, since resolution of the claim objection necessarily involved determining whether a creditor had received a preference. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and General Order 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (F).

Bankruptcy Rule 3007 provides in pertinent part: "If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Bankruptcy Rule 7001 states in relevant part: "An adversary proceeding is governed by the rules of this Part VII. It is a proceeding (1) to recover money or property ..., (2) to determine the validity, priority, or extent of a lien or other interest in property ..., ... (9) to obtain a declaratory judgment relating to any of the foregoing...."

In support of the argument that the matter was required to be presented through an adversary proceeding, one creditor cited the Court to *In re Commercial Western Finance Corp.*, 761 F.2d 1329 (9th Cir. 1985). In that case, the trustee proposed a plan in which certain investors with allegedly unperfected security interests would be treated as a separate class. They would receive a greater distribution than general unsecured creditors, but would give up any claim to their security interest. Some of those creditors objected. On appeal, the Ninth Circuit Court of Appeals wrote:

> The Trustee's attempt to avoid under section 544 the investors' partial assignments plainly involves a determination of the validity, priority, or extent of the investors' interests in the borrower notes and deeds of trust. Therefore, Rule 701 required the Trustee to initiate adversary proceedings.

761 F.2d at 1336. After elaborating on its views, the Court observed:

> More importantly, in trying to avoid the investors' property interests by the court's approval of the plan, the Trustee sought to place on the investors the burden of challenging the Trustee's ability to avoid their interests by requiring them to object to the plan. Normally, when a creditor files a proof of claim, it becomes prima facie evidence of the claims' validity and amount. Fed.R.Bankr.P. 301. The burden is then on the Trustee to produce evidence and facts to defeat the claim through an adversary proceeding under Rule 701. (Citation omitted) The Trustee's attempt to avoid the investors' interests by confirmation of a plan, if successful, would have circumvented the Trustee's duty to prove that he was entitled to such relief.

761 F.2d at 1337.

The Reorganized Debtor cited the Court to two decisions which purportedly support the Debtor's position. The first is *Matter of Mid Atlantic Fund, Inc.*, 60 B.R. 604

(Bankr.S.D.N.Y.1986). In that case, certain creditors brought a motion to compel the Trustee to surrender to them the original promissory note and mortgage. In partial defense to the motion the Trustee asserted that the moving creditors had received and retained a preference and their claim must therefore be disallowed under § 502(d). The procedural posture of *Mid Atlantic* distinguishes that case from the one at bar because the creditors brought the motion, thereby choosing the procedural mechanism for resolution of their claims. Interestingly, and in part because the case in *Mid Atlantic* was brought under Chapter 7 so no claims had been filed by secured creditors, including the movants, the court proceeded to determine whether the creditors claim could be sustained assuming they ever filed one.

The second case cited by the Reorganized Debtor, *In re Larsen*, 80 B.R. 784 (Bankr. E.D.Va.1987) offers even less support. In that case the creditor filed a proof of claim and a subsequent amended proof of claim. The court concluded that both claims were late filed, and were disallowed on that basis. 80 B.R. at 787. The court then discusses the possible outcome of the cross motions if the court assumed the claims were timely filed and, relying on *Mid Atlantic*, concluded in obvious dictum that the creditor's claims would be disallowed on that basis, as well. Procedurally, *Larsen* is closer to *Mid Atlantic* than the instant case because in *Larsen* the creditor had filed a cross motion to have her claim established as an administrative claim.

In light of the foregoing, it was this Court's view that an objection to claim based on a claim of preference, where the preference was at issue because opposed by the creditor, in essence sought a declaratory judgment relating to the recovery of money or to the validity of an interest in property. In order to decide the claim objection, the preference issue had to be resolved first. And a claim of preference is required to be brought as an adversary proceeding. Therefore, this Court orally ruled that the Reorganized Debtor would be required to bring its claim objection based on the preference by an adversary proceeding. To hold otherwise, this Court felt, would permit the Reorganized Debtor to avoid many of the due process protections built into the rules governing adversary proceedings and would, in effect, shift to the creditor the burden of establishing its defense to the claim objection instead of requiring the Reorganized Debtor to prove its preference case in the adversary context. The Ninth Circuit's decision in *In re Commercial Western Finance Corp.*, 761 F.2d 1329 (1985) seems to support such a result.

The thrust of the argument of the Reorganized Debtor is that Bankruptcy Rule 3007 contemplates presenting a claim objection by motion under Bankruptcy Rule 9014 unless, as recited in Rule 3007, the objection "is joined with a demand for relief of the kind specified in Rule 7001...." The Reorganized Debtor insists no such demand is joined with its claim objection, and that § 502(d) mandates disallowance of a claim of a creditor which has received an avoidable preference. In addition, it is noted that certain of the Bankruptcy Rules governing adversary proceedings are also applicable to contested matters under Rule 9014. The only assertion subject to question is whether a claim objection grounded on an allegedly avoidable preference does in fact constitute "a demand for relief of the kind specified in Rule 7001...." To be sure, the Reorganized Debtor has not demanded recovery of the money paid. However, to sustain the claim objection the Court presumably would have to declare that the creditor had received an avoidable preference. That circumstance appears to be contemplated by Bankruptcy Rule 7001(9).

In further support of its position, the Reorganized Debtor cites the Supreme Court's decision in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). The core issue in that case under the Bankruptcy Act was whether the trustee could bring a petition to avoid preferences within the bankruptcy court's summary jurisdiction, or whether the matter had to be raised in a plenary action, in

which the creditor could demand a jury trial.

After acknowledging that the Bankruptcy Act did not expressly address the question, and noting that amendments to the Act in intervening years included emphases on cost reduction and prompt resolution of estates, the Court focussed on the "expressly granted power to 'allow,' 'disallow' and 'reconsider' claims ..." and stated that the power "is to be exercised in summary proceedings and not by the slower and more expensive processes of a plenary suit." 382 U.S. at 329, 86 S.Ct. at 472. The Court continued:

> This power to allow or to disallow claims includes 'full power to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or a claim against the estate is based....'

*Id.*

Important to the instant case, the Supreme Court then observed:

> Section 57 of the Act contains another important congressional directive around which much of this case turns. Subsection g forbids the allowance of a claim when the creditor has "received or acquired preferences ... void or voidable under this title," absent a surrender of any preference. (Citation omitted) Unavoidably and by the very terms of the Act, when a bankruptcy trustee presents a § 57g objection to a claim, the claim can neither be allowed nor disallowed until the preference matter is adjudicated. The objection under § 57g is, like other objections, part and parcel of the allowance process and is subject to summary adjudication by a bankruptcy court.

382 U.S. at 330, 86 S.Ct. at 473. As stated by the Court in fn. 9, "our decision is governed by the 'traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure.' "

While the Bankruptcy Act has been replaced by the Bankruptcy Code, cases decided under the Act can properly be of assistance in understanding the successor provisions of the Code.

Section 57(g) of the Act is very similar to section 502(d) of the Code, and the essential import of section 57(g) appears unchanged. Thus, the teachings of *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) remain relevant.

This Court has been concerned from the outset with the potential costs to a reorganized debtor of having to present claim objections grounded on claimed preferences by adversary proceedings under Bankruptcy rule 7001, et seq. The Supreme Court in *Katchen v. Landy* faced the same concerns. Moreover, this Court has recognized that there is little, if any, basis for requiring different procedures depending on whether a claim objection is opposed by the creditor.

 After careful review the Court concludes that in cases where the creditor has filed a proof of claim, the better rule is that an objection to that claim based upon an alleged preference may be resolved by motion and, as necessary, an evidentiary hearing, without the need to commence a separate adversary proceeding for each such claim. The Court holds that Bankruptcy Rule 7001 does not apply to resolution of a claim objection when the creditor has filed a proof of claim, even when resolution of the claim objection necessarily involves determination of whether the creditor has received an avoidable preference, so long as the trustee does not include in the claim objection a demand for recovery of the money or property.

Accordingly, the Reorganized Debtor's motion for reconsideration is granted.

IT IS SO ORDERED.