In re Anasuga MOI and
Taiu Moi, Debtors,

Anasuga Moi and Taiu Moi, Plaintiffs,

v.

Asset Acceptance LLC, and Does
1 through 10, inclusive,
Defendant.

Bankruptcy No. 07–02209–B13.
Adversary No. 07–90289.

United States Bankruptcy Court,
S.D. California.

Jan. 29, 2008.

---

Michael G. Doan, Doan, Levinson & Liljegren, LLP, Carlsbad, CA, for Plaintiffs.

Dean T. Kirby, Jr., Kirby & McGuinn, P.C., San Diego, CA, for Defendant.

## ORDER ON MOTION TO DISMISS

PETER W. BOWIE, Chief Judge.

This matter came on regularly for hearing on defendant's motion to dismiss plaintiffs' First Amended Complaint.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (B).

## DISCUSSION

Plaintiffs' First Amended Complaint purports to set out two claims for relief. The first is styled "Objection to Proof of Claim", and the second is captioned "Contempt of Court 11 USC 105". The thrust of defendant's motion to dismiss is that neither of those claims are among those which "may be brought as an adversary proceeding" under Rule 7001, Fed. R.Bankr.P.

Rule 7001 provides:

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge;

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 2 8 U.S.C. § 1452.

Defendant is clearly correct that neither objection to claim nor civil contempt are included in the list. In fact. Rule 3007 provides that "[i]f an objection to claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." The clear implication is that a simple objection to claim need not be brought as an adversary proceeding. The issue, though, is not whether an objection to claim (or request for a holding of civil contempt) must be brought as an adversary proceeding, but whether it may be.

The cases relied upon by defendant simply hold that an objection to claim need not be brought as an adversary proceeding—they do not hold that it may not. See *In re Wylie*, 349 B.R. 204, 214 (9th Cir. BAP 2006) and this Court's decision in *In re America's Shopping Channel, Inc.*, 110 B.R. 5, 8 (Bankr.S.D.Cal.1990). The same is true of the cases involving requests for attorney fees. See e.g., *In re Chambers*, 140 B.R. 233, 238 (N.D.Ill.1992).

This Court has found no case which holds that an objection to claim may not be brought as an adversary proceeding. The Court has found one case opining that it may. In *In re Lexington Healthcare Group, Inc.*, the court stated that the "fact that adding a claim under Rule 7001 to an objection to claim requires all be heard as an adversary proceeding does not mean that an objection to claim alone cannot be heard as an adversary proceeding." 339 B.R. 570, 578 (Bankr.D.Del.2006).

Nothing in the Rules or Code specifically precludes an objection to claim being brought as an adversary proceeding and the Court can think of no practical reason to so hold. The adversary procedure imposes no additional hardship on the claimant and, in fact, it affords a claimant heightened due process.

That is how this Court sees it—an adversary proceeding is a more formal procedure for reaching resolution of certain issues. A policy determination has been made in Rule 7001 which sets out those matters where the more formal procedure is required to be utilized, rather than the more common and less formal motion process. As noted, Rule 3007 provides a further illustration. At its core, however, an adversary proceeding is just a procedure and does not, of itself, give rise to some broader array of causes of action or remedies. In the instant case, a claim objection is still a claim objection, whether raised by filed objection or by adversary. Plaintiffs have adequately pleaded their objection to defendant's proof of claim, so as to the plaintiffs' first claim for relief, defendant's motion to dismiss is denied.

█ As noted, plaintiffs' second claim for relief is for contempt of court, and invokes 11 U.S.C. § 105. At the center of the question is whether plaintiffs may sue defendant for contempt of court. The Court concludes they may not directly sue defendant for contempt unless expressly authorized by Congress, similar to the authorization granted in 11 U.S.C. § 362(k).

In 2002, the Ninth Circuit Court of Appeals filed its decision in *Walls v. Wells Fargo Bank*, 276 F.3d 502. In that case, the court was asked to find a private right of action in the discharge injunction statute, 11 U.S.C. § 524, and also in 11 U.S.C. § 105. The court declined, and this Court is bound by its ruling.

In explaining its holdings, the Ninth Circuit observed:

> In the 1984 amendments, Congress added subsection (h) to § 362, expressly conferring on debtors the right to sue for damages for a willful violation of the automatic stay. Section 524 was amended on the same day, but no similar provision, providing a private right of action for violation of the discharge injunction, was added.

276 F.3d at 509. After another sentence, the court placed its footnote 3, which stated:

> This also bolsters our conclusion that § 105 does not allow for a private right of action to enforce § 524. If Congress had understood § 105 as permitting a private cause of action, the 1984 amendment creating one for violations of § 362 would have been superfluous.

*Id.*

The contempt powers of § 105 are powers granted to the specific court that issued the subject order. As the *Walls* court noted:

> Implying a private remedy here could put enforcement of the discharge injunction in the hands of a court that did not issue it (perhaps even in the hands of a jury), which is inconsistent with the present scheme that leaves enforcement to the bankruptcy judge whose discharge order gave rise to the injunction.

*Id.* Because the powers of § 105 are reserved to the court, and do not grant a private right of action to a party in inter-est, such as the plaintiffs here, the defendant's motion to dismiss plaintiff's second claim for relief is granted. The appropriate course of action for plaintiffs, if they believe defendant has engaged in conduct which would invoke the Court's contempt powers is to apply to the Court for an Order to Show Cause re Contempt. This is more than form over substance, because allowing plaintiffs to proceed in their complaint against defendant for contempt would be according them a *de facto* private right of action, precisely contrary to the controlling authority in this Circuit. Moreover, allowing plaintiffs to file and serve defendants with allegations of contempt not statutorily authorized might have a terrorizing impact on some defendants.

In their prayer for relief, plaintiffs ask for: 1) declaratory relief on the unenforceability of defendant's proof of claim; 2) injunctive relief requiring the defendant to withdraw all its proofs of claim in this case; 3) requiring the defendant to produce all proofs of claim filed in any case in this judicial district; 4) attorneys fees and costs; and 5) civil contempt damages. As noted, the Court has concluded that plaintiffs have pleaded a claim objection sufficiently to withstand defendant's motion to dismiss. The fact that plaintiffs have raised their objection in the procedural context of an adversary proceeding does not change or enlarge the range of relief available to them on a claim objection.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied as to plaintiffs' first claim for relief, and granted as to the second claim for relief. Defendant shall file and serve its responsive pleading to the First Amended Complaint within twen-

ty (20) days of the date of service of this Order.

IT IS SO ORDERED.