Dorothy Jenelle PRICE, Plaintiff,

v.

PEDIATRIC ACADEMIC ASSOCIATION, INC., Defendant.

No. C–2–93–1135.

United States District Court, S.D. Ohio, Eastern Division.

Oct. 12, 1994.

Stephen Edgar Schafer, Columbus, OH, for Dorothy Jenelle Price.

Patricia Mary Scanlon, Vorys Sater Seymour & Pease, Columbus, OH, for Pediatric Academic Ass'n, Inc.

### ORDER

KINNEARY, District Judge.

This matter comes before the Court to consider the appeal from the bankruptcy court's order denying Plaintiff attorneys' fees for Defendant's willful violation of the bankruptcy code's automatic stay provision.

■ By operating as a stay against actions by creditors against debtors, § 362 of the bankruptcy code protects debtors. The legislative history of § 362 is clear: "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws." H.R.Rep. No. 595, 95th Cong. 1st Sess. 340–42 (1977); U.S.Code Cong. & Admin.News 1978 at pp. 5787, 6296–6298. This protection is very broad. *In re Smith,* 876 F.2d 524, 525 (6th Cir.1989). Creditors have the burden of ensuring that the stay is complied with. *See, In re O'Neal,* 165 B.R. 859,

863 (Bankr.M.D.Tenn.1994). Any willful violation of the stay is an extremely serious matter to be dealt with severely. *In re Markey,* 144 B.R. 738, 746 (Bankr.W.D.Mich. 1992), *citing, In re Cafe Partners/Washington 1983,* 175, 182 (Bankr.D.D.C.1988).

■ An individual injured by a willful violation of a stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(h). A willful violation occurs when the creditor knows of the bankruptcy filing, and the behavior which violates the stay is intentional. *In re Bennett,* 135 B.R. 72, 75 (Bankr.S.D.Ohio 1992).

■ Where a willful violation exists, an award of damages, including attorneys' fees, is mandatory. However, the fees must be reasonable and necessary. The Court should closely scrutinize the fees requested by attorneys for unnecessary and excessive charges. *Matter of Liberal Market, Inc.,* 24 B.R. 653, 658 (Bankr.S.D.Ohio 1982); *Matter of Olen,* 15 B.R. 750 (Bankr.E.D.Mich.1981). All compensable fees should be calculated on a case-by-case basis.

■ In the case at bar, after finding that Defendant had willfully violated the automatic stay, the bankruptcy court awarded Plaintiff thirteen dollars in actual damages. The court, however, refused to award Plaintiff any attorneys' fees, because it found that the fees were incurred in the rendering of unnecessary services. More specifically, the lower court found that Plaintiff, or her counsel, should have contacted Defendants in an attempt to resolve the violation in a non-litigious manner before bringing a contempt motion for violation of the automatic stay provision.

■ Where facts indicate a willful violation of the automatic stay, it is improper to impose a blanket rule on all debtors requiring them to notify creditors to try to resolve the violations prior to filing a contempt motion. In cases of inadvertent violations, such a requirement serves to notify the creditor of its improper behavior and serves to prevent needless litigation. In cases of willful violations, by definition, creditors know or should have known of the stay, yet, while not necessarily acting in bad faith, they nonetheless

shirk their duty to comply with the stay. A pre-filing notification would serve as a last minute attempt to prevent needless litigation. In most cases, however, such a requirement would thwart the policy of § 362 by unfairly shifting to the debtor the burden to alert the creditor to stop acting in a fashion which the creditor already knows or should know is improper. Since the creditors have notice, they have the burden to act accordingly.

Thus, when a plaintiff is proving the reasonableness of fees in responding to a willful violation, courts should presume the filing of the contempt motion was necessary. The creditor should be required to overcome that presumption if it protests the award of fees for such filing. By applying this presumption, a court is not ignoring the fact that the burden of proof in all fee matters is on the applicant. The presumption is merely a recognition that creditors who know or should know of the stay have the burden to comply with the stay, and debtors faced with collection attempts by a willful violator have the right to proceed with the help of the courts to prevent further injury to themselves.

In certain rare cases, however, facts establish all three of the following factors: the injury caused and damages incurred, other than attorneys' fees, only amount to the cost of appearing in court to litigate the contempt motion; the burden of requiring the debtor's attorney to notify the creditor of the violations is insignificant; and no bad faith on the part of the defendant exists. In such cases, a court can reasonably make a factual finding that filing a contempt motion to stop a willful violation was unnecessary and wasteful without a pre-filing notification to the creditor. After all, in bankruptcy cases where the debtor or his estate pays the fee, lawyers are only compensated for reasonable and necessary attorneys' fees. The same holds true when the creditor is paying the bill. As always, the lawyer is under the duty to resolve matters in the most

professional, expeditious manner. *Matter of Liberal Market, Inc.*, 24 B.R. 653, at 656–57.[1] Even if the filing of the motion is found to be unnecessary, however, the debtor should be compensated for those fees which would have been incurred if the matter had been resolved in a non-litigious manner.

For the above reasons, the Court finds Plaintiff's motion to be meritorious, and it is, therefore, GRANTED. The case is **REVERSED** and **REMANDED** to the bankruptcy court for findings consistent with this opinion. At a minimum, Plaintiff is entitled to attorneys' fees sufficient to cover costs which would have been incurred if this matter had been resolved in a non-litigious manner.

**IT IS SO ORDERED.**

---

1. The lower court believed that the threat of satellite fee litigation warrants a pre-filing notification rule. This Court shares some of the same concerns but believes that the threat is not as extreme as the bankruptcy court perceived. Bankruptcy Rule 9011 already requires certification that the case is not intended to increase the cost of litigation. Furthermore, in many cases, it will be unclear weather or not a creditor is willfully violating the automatic stay, so most lawyers in this District will act in accordance with *In re Newell*, 117 B.R. 323 (Bankr.S.D.Ohio 1990), in an attempt to resolve any violations, in a non-litigious manner.