**In re Steven G. DUNMORE, Debtor.**

**No. 95–12407.**

United States Bankruptcy Court,
N.D. California.

Feb. 24, 2001.

Steven G. Dunmore, Napa, CA, pro se.

### *Memorandum of Decision*

ALAN JAROSLOVSKY, Bankruptcy Judge.

Steven Dunmore filed his Chapter 7 bankruptcy petition in 1995. Shortly thereafter, he commenced an action in district court against the IRS. The district court transferred the action to this court in 1998, where it proceeded as an adversary proceeding pursuant to FRBP 7001 et seq.

Dunmore's amended complaint contained six claims. The first three claims alleged that plaintiff Steven Dunmore was entitled to tax refunds of about $190,000.00 for tax years 1988 and 1989. The fourth claim alleged that the IRS violated the bankruptcy discharge injunction by demanding payment for about $20,000.00 in income taxes for 1989, which Dunmore claimed had been discharged. The fifth claim alleged that the IRS had improperly recorded tax liens and sought to quiet title to his property as well as recover special and punitive damages. The sixth claim sought injunctive relief against the IRS. Inextricably bound up in these claims were Dunmore's tax liabilities and their dischargeability.

On July 19, 2000, this court issued an order setting the case for trial on October 18, 2000. The court issued a written order directing the manner in which the parties were directed to prepare for trial. The order gave notice that failure to comply might subject a party to default, dismissal, or other sanctions.

Dunmore appeared for trial of the adversary proceeding on October 18. However, he failed to comply with the July 19 order in any respect. He did not have any witnesses, and was not ready to proceed. Instead, he argued for the first time that this court did not have any jurisdiction over the case and that it must be returned

to the district court for jury trial. The court disagreed with him, and dismissed the adversary proceeding with prejudice. Dunmore's appeal is pending.

After dismissal of the action, Dunmore filed a "Motion to Determine Tax Liability." He admits that the issues raised in this motion are the same as those raised in the dismissed adversary proceeding. His argument as to why he is not barred by the doctrine of *res judicata* is that the issues raised in the adversary proceeding should have been litigated as a contested matter pursuant to FRBP 9014. Since it was adjudicated as an adversary proceeding, he argues, he is now free to litigate the same issues. The court finds this argument unconvincing.

■ Contrary to Dunmore's argument, the issues raised in the original action were properly subject to litigation in an adversary proceeding and only in an adversary proceeding. The first three claims were for recovery of money; FRBP 7001(1) mandates an adversary proceeding for such claims. The fourth claim involved a determination of what tax debts had been discharged; FRBP 7001(6) mandates an adversary proceeding to determine the dischargeability of a debt. The fifth claim alleged that tax liens were invalid; determination of the validity or extent of a lien must be litigated by adversary proceeding pursuant to FRBP 7001(2). The sixth claim sought injunctive relief, which must be obtained by adversary proceeding pursuant to FRBP 7001(7).

■ A contested matter to determine tax liability is never appropriate when brought by a Chapter 7 debtor. Either a tax is nondischargeable or it has been discharged. A finding of nondischargeability must be obtained in an adversary proceeding. If a tax has been discharged, determination of the liability is, as far as the debtor is concerned, entirely moot. Determination of the validity of a tax lien is, as noted above, only subject to determination in an adversary proceeding.[1]

■ All of the issues raised in Dunmore's motion were either expressly raised in the dismissed adversary proceeding or could have been raised there. Dunmore will accordingly be barred by *res judicata* from re-litigating them if he does not prevail on appeal.[2] In the meantime, Dunmore is not free to avoid the effect of that judgment by trying to raise the same issues in a different procedural guise.[3]

For the foregoing reasons, Dunmore's motion will be denied. Counsel for the

---

1. As an aside, the court notes that an adversary proceeding is a more formal procedural framework than a contested matter, with more stringent rules of evidence applicable. While some courts have voided results in contested matters when the dispute should have been litigated as an adversary proceeding, e.g. *In re Lyons*, 995 F.2d 923 (9th Cir.1993), the court is not aware of any case which has voided a judgment in an adversary proceeding because it should have been litigated as a contested matter. As this court noted in *Practical Bankruptcy Procedure* (Shepard's/McGraw–Hill 1993), § 10.03: "Bringing a dispute before the court as an adversary proceeding which does not fall within one of the [provisions of FRBP 7001] is not per se improper, in that no one can complain if they are given more than the minimum required for procedural fairness."

2. The fact that the adversary proceeding was dismissed by default when Dunmore declined to proceed does not matter; *res judicata* still applies. *In re Universal Display & Sign Co.*, 541 F.2d 142, 144 (3rd Cir.1976).

3. In addition, this court has no jurisdiction to adjudicate substantial rights directly involved in the appeal of its judgment in the adversary proceeding. *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir.2000).

IRS shall submit an appropriate form of order.