**In re Dale/Brenda IRBY, Debtors.**

**Dale/Brenda IRBY, Plaintiffs,**

v.

**Mr. Money Finance Co., Defendant.**

No. 04–3364.

United States Bankruptcy Court, N.D. Ohio.

Feb. 22, 2005.

Donald R. Harris, Sandusky, OH, for plaintiffs.

Daniel L. McGookey, Sandusky, OH, for defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court on the Motion of the Creditor, Mr. Money Finance Co., to Dismiss or, in the alternative, for Summary Judgment. This action is brought in response to the Motion of the Debtors, Dale and Brenda Irby, for Injunctive Relief and Punitive Damages. After having had the opportunity to consider the merits of its position, the Court, for the reasons set forth herein, finds that the Creditor's Motion to Dismiss has merit, and thus an appropriate order will be entered.

## ISSUE

The Creditor's Motion to Dismiss is predicated primarily on a procedural deficiency: the Debtors having captioned/commenced their action against the Creditor by way of a motion as opposed to an adversary proceeding.

## DISCUSSION

Bankruptcy law seeks to resolve the competing interests between creditors and debtors. *Chemetron Corp. v. Jones,* 72 F.3d 341 (3rd Cir.1995). When, as often occurs, a dispute arises between these parties, the Bankruptcy Rules provide for two avenues of resolving the dispute: (1) through the commencement of an adversary proceeding; or (2) by initiating a contested matter through the filing of a motion. Bankruptcy Rules 7001; 9014. An adversary proceeding may be distinguished from a contested matter through the use of formal pleadings—e.g., a complaint and answer—and its reliance on the federal rules of procedure. On the other hand, and while to some extent contested matters necessarily adopt the same procedures used in an adversary proceeding, motion practice is generally less formal, relying to a greater extent on local rules and customs for its application. 10 Collier on Bankruptcy at 7000–1 (15th ed. rev. 2001). *Accord In re Fareed,* 262 B.R. 761, 765 (Bankr.N.D.Ill.2001).

As for which procedural avenue is the proper method to bring a dispute before a bankruptcy court, Bankruptcy Rule 7001 lists 10 specific actions which are deemed to be adversary proceedings. By default then, any action not listed as an adversary proceeding is treated as a contested matter.

In this case, the Debtor's request for Injunctive Relief and Punitive Damages falls squarely within the realm of those actions which require the commencement of an adversary proceeding; Bankruptcy Rule 7001(7) sets forth that an adversary proceeding will include "a proceeding to obtain an injunction or other equitable relief..." As for the implications of an action, such as that presented here, that does not conform to an applicable rule of procedure, each situation, when set against a motion to dismiss, must be weighed individually, with an eye toward the purpose of the procedural rule.

The delineation between an adversary proceedings and contested matters has, as its underpinnings, concerns over due process. In more detail, and while not true in every situation, the delineation between these two procedural methods for resolving disputes is predicated upon the general assumption that certain controversies in bankruptcy will involve more complex issues and affect greater substantial rights, thereby requiring the greater procedural protections afforded by the Federal Rules of Procedure. While other matters in bankruptcy will involve relatively uncomplicated disputes that can be adjudicated summarily, thereby making motion practice a better tool for judicial economy.[1] *In re Riding*, 44 B.R. 846, 858–59 (Bankr. D.Utah 1984).

Being, therefore, simply a procedural safeguard, as opposed to a substantive right afforded by the Bankruptcy Code, a party may waive their right to contest a deficiency in the process. *Accord United States v. Armour & Co.*, 402 U.S. 673, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971) (parties to a consent decree may waive their right

to litigate the particular issues raised). Such a waiver may be implicit; for example, when parties proceed to try an issue without raising an objection on procedural grounds, courts will normally disregard any irregularity in the process. *In re Briggs*, 143 B.R. 438, 462 (Bankr. E.D.Mich.1992). Thus, in the case of *In re Briggs*, just cited, the bankruptcy court refused to dismiss a request for an injunction, despite the lack of a formal adversary proceeding, when "so much effort has been expended by the parties" and the court found that it "would be unfair and a waste of resources to let that effort go for naught." *Id.*

On the other hand, a waiver will not be presumed. *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). And here, the record presented in this proceeding is contrary to any signs of a waiver. In specific terms, the Creditor was not dilatory in its actions, having brought its motion to dismiss within a relatively short time after the Debtors filed their motion for injunctive relief, and prior to the time any substantive issues involved in the Debtors' motion were addressed.

Still, in the federal courts there is a general policy in favor of deciding cases on the basis of the substantive rights involved. As a consequence, during the course of litigation, a party is generally permitted to cure procedural defects. Yet, in this matter, short of entirely discounting an entire part of the bankruptcy rules, there is simply no viable method by which the deficiency in the procedural posture of this action may be cured. Therefore, so as balance the competing concerns that issues should be decided on the merits, but to

---

1. Although not involving an issue of due process, this distinction is reinforced administratively as determinations regarding the appropriate number of judicial officers and support personnel in the bankruptcy courts are based, in part, on the number of adversary proceedings filed and pending in each district.

ensure that the Creditor's rights are not abridged, the Court finds that the best course of action is to dismiss this proceeding without prejudice. Also balanced in this equation is the fact that no appreciable harm is likely to befall the Creditor if the Debtors again choose to proceed with their action.

Accordingly, for these reasons, it is

**ORDERED** that the Motion of the Debtors, Dale/Brenda Irby, for Injunctive Relief and Punitive Damages, be and is hereby, DISMISSED.