**In re Adam J. BALLARD, Debtor.**

**No. 12–33165.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Oct. 11, 2013.

John Frederick Kennel, Andrew Zeigler, Thompson and DeVeny Co. LPA, Dayton, OH, for Debtor.

**Decision Determining Whether Action to Recover Damages for Stay Violation Must Be Brought By Adversary Proceeding**

GUY R. HUMPHREY, Bankruptcy Judge.

## I. Introduction

The sole issue before the court is whether a debtor must pursue damages under 11 U.S.C. § 362(k)(1) for a violation of the automatic stay imposed by § 362(a) through an adversary proceeding, or whether such damages may be pursued by motion as a contested matter under Federal Rule of Bankruptcy Procedure 9014. This is not a case of first impression in the courts and, for the reasons explained in this decision, the court joins the majority position and determines that an adversary proceeding is not required in order for a debtor to recover damages for violation of the stay.[1]

## II. Facts and Procedural Posture

The debtor, Adam J. Ballard ("Ballard"), filed his Chapter 7 bankruptcy petition on July 3, 2012. On November 15, 2012 Ballard filed a *Motion for Contempt and For Damages for Violation of the Discharge*

---

1. All of the courts within the Sixth Circuit which have addressed this issue have determined that an adversary proceeding is not necessary to recover damages for a stay violation and that such damages may be recovered by motion as a contested matter under Bankruptcy Rule 9014. *See Buckeye Check Cashing, Inc. v. Meadows (In re Meadows)*, 396 B.R. 485, 498 (6th Cir. BAP 2008) ("[A]ctions to recover damages for stay violations are generally brought by motion, with attorney fees expressly allowable under § 362(k)."); *In re Dunning*, 269 B.R. 357, 367–68 (Bankr. N.D.Ohio 2001); *In re LTV Steel Co.*, 264 B.R. 455, 462–63 (Bankr.N.D.Ohio 2001); *In re Phar–Mor, Inc.*, 152 B.R. 924, 926 (Bankr. N.D.Ohio 1993); and *In re Timbs*, 178 B.R. 989 (Bankr.E.D.Tenn.1994). *See also In re Depew*, 51 B.R. 1010 (Bankr.E.D.Tenn.1985) (awarding actual damages and attorney fees for violation of the stay through a motion filed by the debtors). Courts outside the Sixth Circuit are split on the issue, with a majority of those courts being in line with the courts within the Sixth Circuit in determining that an adversary proceeding is not necessary to pursue relief for violation of the stay under subsection (k), including the recovery of monetary damages. *See Standard Indus. v. Aquila Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240, 1246 (10th Cir.2010) (holding that because Rule 9020 provides that Rule 9014 governs a contempt motion, a party may pursue a violation of the stay through a contempt motion and need not do so through an adversary proceeding); *Johnson v. RJM Acquisitions, LLC*, 2012 WL 930386, 2012 U.S. Dist. LEXIS 36407 (S.D.Ill.2012) ("A motion for sanctions under § 362(h) is a contested matter governed by Bankruptcy Rule 9014."); *Patton v. Shade*, 263 B.R. 861, 865 (C.D.Ill.2001) (same); *Commercial Credit Corp. v. Reed*, 154 B.R. 471 (E.D.Tex.1993); *Karsh Travel, Inc. v. Airlines Reporting Corp. (In re Karsh Travel)*, 102 B.R. 778 (N.D.Cal.1989); *Fortune & Faal v. Zumbrun (In re Zumbrun)*, 88 B.R. 250 (9th Cir. BAP 1988); *In re Longoria*, 400 B.R. 543, 549 (Bankr.W.D.Tex.2009); *In re Thomas*, 355 B.R. 166 (N.D.Cal.2006); *Phillips v. Lehman Bros. Holdings (In re Fas Mart Convenience Stores, Inc.)*, 318 B.R. 370 (Bankr.E.D.Va.2004); *In re Hildreth*, 362 B.R. 523 (Bankr.M.D.Ala.2007); *In re Hooker Inv.*, 116 B.R. 375, 378 (Bankr.S.D.N.Y. 1990); and *In re Benjamin*, 2013 WL 5310530, 2013 Bankr.LEXIS 3942 (Bankr. N.D.N.Y. Sept. 18, 2013). It appears that all of the District Courts and Bankruptcy Appellate Panels which have addressed the issue have held that 362(k) damages may be pursued through a contested matter pursuant to Rule 9014. Courts in some cases have held

*Injunction* (doc. 15). He amended that motion on January 31, 2013 and titled his amended motion as *"Debtor's Amended Motion for an Order of Contempt and Damages for Violation of the Automatic Stay"* (doc. 20) (the "Motion"). Through the Motion, Ballard seeks damages from the United States for an asserted violation of the automatic stay imposed by § 362(a) relating to the Internal Revenue Service's ("IRS") garnishment of funds from Ballard. The IRS subsequently returned those funds to Ballard.

The United States filed a response to the Motion which questioned the court's subject matter jurisdiction to hear and decide this matter. Therefore, the court fixed April 5, 2013 as a date by which the parties were to file additional memoranda regarding this threshold issue. The United States filed a brief which not only expanded its argument that jurisdiction was lacking because Ballard had failed to exhaust his administrative remedies under the Internal Revenue Code, but also raised an additional argument having nothing to do with this court's subject matter jurisdiction. The IRS now asserts for the first time that Ballard was required to commence an adversary proceeding in order to

recover damages for violation of the automatic stay and that the proper remedy for failing to do so is to strike or dismiss the Motion.[2]

On May 21, 2013 the court conducted a telephonic status conference during which the United States waived the issue of whether Ballard had failed to exhaust his administrative remedies before seeking damages in this court. The parties then agreed that, before proceeding to the merits of the contested matter, the court should first decide whether Ballard was required to file an adversary proceeding in order to recover damages for the IRS' alleged violation of the stay and that the court would determine only that issue at this initial stage of the matter.

## III. Positions of the Parties

The United States argues that an action to recover damages for a violation of the automatic stay is a "proceeding to recover money" for purposes of Fed. R. Bankr.P. 7001(1) and, therefore, must be pursued through an adversary complaint. It draws this conclusion from the definition of "actual damages" which at common law purportedly consist of a monetary recovery to compensate for injury. The United States

---

that violations of the stay may be pursued through an adversary proceeding, but may also be pursued through a motion as a contested matter. *See Zumbrun,* 88 B.R. at 252; *Hooker Invs.,* 116 B.R. at 378; *Timbs,* 178 B.R. at 995; *In re Wagner,* 87 B.R. 612 (Bankr.C.D.Cal.1988); and *In re Forty-Five Fifty-Five, Inc.* 111 B.R. 920 (Bankr.D.Mont. 1990). The bankruptcy courts in the following cases have held that an adversary proceeding is required to pursue damages for violation of the stay under § 362(k)(1): *In re McDonald,* 265 B.R. 3 (Bankr.D.Mass.2001); *In re Rimsat, Ltd.,* 208 B.R. 910 (Bankr. N.D.Ind.1997); *In re Hunter,* 190 B.R. 118, 119 (Bankr.Colo.1995) (determining that the court could not "punish violations of purely statutory provisions by contempt citations" and stating that: "Such relief should not and cannot be granted by the expedient of a sum-

mary contempt proceeding."); *In re Wyatt,* 173 B.R. 698 (Bankr.D.Idaho 1994); and *In re Smith,* 2010 WL 5690097, *5 (Bankr. S.D.Ga.2010) (in dicta stating: "None of the motions could be adjudicated as contested matters, however, because the relief the [debtors] repeatedly sought-damages for stay violation and determination of an interest in real property—is available only through the filing of an adversary proceeding ...").

**2.** The United States also questions in its brief Ballard's standing to pursue damages under 11 U.S.C. § 362(h) because the IRS had already begun the process of refunding the prepetition levy to Ballard prior to the filing of the Motion. This decision does not address the standing argument.

cites several bankruptcy court decisions which it believes support its position,[3] as well as a "handful" of decisions which reject the principle that an adversary is required to recover actual damages pursuant to 11 U.S.C. § 362(k). It contends that those courts which have not required an adversary rely on Bankruptcy Act cases decided at a time when the stay existed by rule or general order, and not by statute, and that, consequently, the stay was enforceable only through contempt proceedings. The United States believes that after the Bankruptcy Code was adopted, doubts concerning the bankruptcy courts' contempt power led to the enactment of what is now § 362(k) to provide for a statutory damages remedy for willful stay violations.

The United States also advances various policy reasons for requiring adversary proceedings to recover damages pursuant to § 362(k). First, it asserts that the failure to use adversary proceedings, when required by the rules, implicates due process principles. Second, if the reasoning of those courts which do not require adversary proceedings for actions to recover damages for stay violations is correct, the United States contends that the language of Bankruptcy Rule 7001 would be mere surplusage which could be ignored in all cases. Third, the United States maintains that, even if it lacks a constitutionally protected interest in the heightened level of procedure which adversary proceedings afford, there is no valid reason why the same protections should not be available in de-

---

3. In addition to the cases cited in footnote 1 standing for the proposition that an adversary proceeding is required under Bankruptcy Rule 7001(1) to recover damages under § 362(k), on pages 6–7 of its *Memorandum With Respect to Jurisdictional Issues*, the United States also erroneously listed a series of other cases for that proposition. First, in *In re Irby*, 321 B.R. 468, 470–71 (Bankr. N.D.Ohio 2005), the remedy sought was injunctive relief, clearly required to be sought through an adversary proceeding under Rule 7001(7)—it was not a proceeding for damages under § 362(k). Second, in *In re Moi*, 381 B.R. 770, 771–72 (Bankr.S.D.Cal.2008) the court held that a debtor could pursue an objection to a proof of claim through an adversary proceeding; however, the court found that there was no basis upon which a debtor could pursue a contempt citation from the bankruptcy court and that power was reserved to the powers of the court itself and could not be directly asserted by the debtor. Again, this proceeding did not involve § 362(k) damages for violation of the stay. Third, in *Smith v. Butler & Assoc. (In re Smith )*, 2008 WL 4148923, *1 (Bankr.D.Kan. Aug. 29, 2008) the court dismissed the debtors' claim for violation of the stay—but not on the basis that the damages were pursued through a motion (and in fact were brought through an adversary proceeding). Fourth, *In re Vogt*, 257 B.R. 65, 68–69 (Bankr.Colo.

2000), once again had nothing to do with a claim for damages under § 362(k)(1)—it was an adversary proceeding alleging violations of the Fair Credit Collection Act and the discharge order under § 524(a)(2). Fifth, in *In re Rogers*, 391 B.R. 317, 321 (Bankr.M.D.La. 2008) the bankruptcy court dismissed an adversary complaint seeking damages for violation of the Fair Debt Collection Practices Act and for damages under § 362(k)(1) based on the debtors' contention that the creditor violated the stay by filing three time-barred proofs of claim. That decision, like the other cases discussed in this footnote, has nothing to do with whether damages for violation of the stay must be pursued through an adversary proceeding. Finally, *In re Dean*, 359 B.R. 218, 222–23 (Bankr.C.D.Ill.2006) stands for quite the opposite of the proposition asserted by the United States. In that case, the creditor argued that the debtors should have brought their claim for damages under § 362(k)(1) by motion under Rule 9014(a), rather than through an adversary proceeding. The court rejected this argument, stating: "[E]ven if it was error for the Debtors to bring their claim for mere technical violation of the automatic stay as an adversary proceeding, such error in this instance is a mere technical violation and therefore harmless." *Id.* at 224. Accordingly, whether intentional or not, the United States overstates its argument.

fending against damages for stay violations as are available in contract and tort actions. The safeguards the United States is seeking to protect include the right to service of a complaint and summons and 35 days to answer, the right to seek a more definite statement, the right to file a motion to dismiss a complaint before an answer is required, the right to certain pretrial procedures under Rule 7016, and the right to the more formalized procedures and requirements for injunctive relief.

Ballard responds that none of the cases the United States cites in support of its position that an adversary proceeding is required are from this district, or even the Sixth Circuit. Ballard argues that in this district and within the Sixth Circuit actions to recover damages for stay violations are customarily brought by motion.

## IV. Legal Analysis

### A. *Jurisdiction*

Despite the early suggestions made by the United States that this court lacks subject matter jurisdiction over this contested matter, the court has jurisdiction to adjudicate the Motion. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O). "Congress empowered the Bankruptcy Courts with core jurisdiction to determine the applicability of the automatic stay." *In re Hunt*, 93 B.R. 484, 488–89 (Bankr.N.D.Tex.1988).

The issue which the United States initially described as a jurisdictional issue, in fact is not a jurisdictional issue, but rather, is an exhaustion of remedies issue. As recognized by the Sixth Circuit, failure of a party seeking damages from the United States on account of activity of the IRS to exhaust its remedies under 26 U.S.C. § 7433 does not deprive a court of subject matter jurisdiction over the matter—it may simply preclude the aggrieved party from prevailing in the recovery of damages from the United States. *Hoogerheide v. Internal Revenue Service*, 637 F.3d 634, 636 (6th Cir.2011). Thus, this court has subject matter jurisdiction over this contested matter.

### B. *Analysis of the Substantive Issues*

#### 1. *Section 362 & Bankruptcy Rule 7001(1)*

Section 362 governs matters pertaining to the automatic stay. It provides that a bankruptcy petition operates as a stay of actions and proceedings against the debtor and property of the bankruptcy estate. It further provides limits on the duration of the stay, exceptions to the applicability of the stay, and the criteria for granting relief from the stay.

Subsection (k)(1) is the provision of § 362 under which Ballard is proceeding and was originally added as subsection (h) through the Bankruptcy Amendments and Federal Judgeship Act of 1984. Pub.L. No. 98–353, 98 Stat. 352 (1984). Subsection (k)(1) provides in pertinent part that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The Code does not provide the form of proceeding through which damages may be recovered for a violation of the stay. In addition, the Bankruptcy Rules do not clearly express the form of proceeding through which such damages should be pursued.

#### 2. *Bankruptcy Rule 7001(1) Interpretation Arguments*

The IRS argues that Bankruptcy Rule 7001(1) provides the form of procedure for recovery of such damages because it states in pertinent part that: "The following are adversary proceedings . . . a proceeding to

recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002[.]" The United States' argument concerning the interpretation of Rule 7001(1) is that to "recover" damages under § 362(k)(1) is to "recover money or property" as that term is used in Rule 7001(a) and, therefore, Rule 7001(1) dictates that an adversary proceeding be filed and prosecuted to recover damages under § 362(k)(1). Thus, an analysis of the term "recover money or property" as used in Rule 7001(1) is in order. Following its discussion of the meaning of Rule 7001(1), the court will consider the historical evolution of the proceeding to recover damages for violation of the stay and the policy arguments made by the United States in favor of requiring an adversary proceeding to determine damages awardable under § 362(k)(1).

 The United States misconstrues the phrase "recover money or property." Of course, the word "recover" by itself could have at least one of two primary meanings in this legal context: a) to get back or regain; or b) to gain by legal process. *See* Black's Law Dictionary 1389 (9th ed. 2009). The United States' argument is that Rule 7001(1) uses the latter meaning—"to gain by legal process." Thus, it argues that to recover or obtain damages for violation of the stay under § 362(k)(1) is to gain money by legal pro-

cess, thereby rendering Rule 7001(1) applicable. The court disagrees.

While the court agrees that to recover damages under § 362(k)(1) is to gain money by legal process, the court does not agree that to recover damages fits within the term "to recover money or property" as that term is used in Rule 7001(1). Code § 362(k)(1) states that an individual injured by a willful violation of the stay "shall recover actual damages...." Clearly, this use of the term "recover" refers to the second meaning of recover-to gain by legal process.

However, Congress used different language in Rule 7001(1) than in § 362(k)(1). Rule 7001(1) describes a proceeding "to recover money or property." If Congress meant the same thing in Rule 7001 as in Code § 362(k)(1), it could have stated that an adversary proceeding is "a proceeding to recover damages." Instead, Rule 7001(1) describes a proceeding to exert dominion and control over money or physical property. This distinction in the language chosen by Congress between § 362(k)(1) ("recover actual damages") and Rule 7001(1) ("recover money or property") is clear when Rule 7001(1) is read in its totality. All of the exceptions in Rule 7001(1) to requiring an adversary proceeding to "recover money or property" deal with money or property which ostensibly may be property of the bankruptcy estate and over which the trustee, the debtor, creditor, or other party in interest is seeking to assert dominion.[4] Thus, the term

---

4. The first exception to Rule 7001(1) is "a proceeding to compel the debtor to deliver property to the trustee." The Advisory Committee Note to Rule 7001 states the following with respect to this exception which was added through a 1987 rule amendment: "[a] trustee may proceed by motion to recover property from the debtor." The only basis for a trustee's recovery of property from the debtor would be if it were property of the bankruptcy estate. The second exception, a

proceeding under § 554(b) would involve a request by a party in interest to compel the trustee to abandon property of the estate. In that situation, the proceeding would entail the debtor, a secured creditor, or third party seeking to assert dominion over property of the estate that is burdensome or of inconsequential value to the bankruptcy estate. The third exception, a proceeding under § 725, involves the trustee's disposition of property of the estate which is not otherwise adminis-

"to recover money or property" in the context of Rule 7001(1) refers to a proceeding involving the exercise of dominion and control over money or property that may be property of the estate. The prime example of such a proceeding is a turnover action under §§ 542 or 543. *See Ateeq v. Najor (In re Najor)*, 1998 WL 416070, at *2, 1998 U.S.App. LEXIS 14995, at *6 (9th Cir. June 4, 1998) ("Bankruptcy Rule 7001(1) governs turnover proceedings under 11 U.S.C. § 542. Rule 7001(1) requires the debtor in possession or the trustee to bring a request for turnover in an adversary proceeding."); *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir.1990); and *Barringer v. EAB Leasing*, 244 B.R. 402, 410 (Bankr.E.D.Mich.1999).[5]

This interpretation of Rule 7001(1) is reflected in case law. In *In re Charter Co.*, 876 F.2d 866, 874 (11th Cir.1989) the court stated that: "Bankruptcy Rule 7001(1), has been applied in the context of replevin actions to recover money or property, motions to avoid post-petition transfers and actions for the turnover of collateral." Similarly, in recognizing the distinction between a proceeding to compel the physical delivery of property and an award of monetary damages, a bankruptcy court granted a contempt motion for sanctions for violation of the stay, in lieu of a motion under § 362(k)(1), but denied relief for turnover of funds, stating: "The request for turnover of funds should have been presented in the form of an adversary complaint rather than by motion. See Fed. R. Bankr.P. 7001(1). Therefore, to the extent the Motion is a motion for turnover of funds, it was denied. . . . To the extent the Motion was a motion for contempt, it was taken under advisement." *In re Martin*, 2011 Bankr.LEXIS 5720 at *2 (Bankr. S.D.Miss. Sept. 30, 2011).

Accordingly, the language of Rule 7001(1) does not require that an adversary proceeding be prosecuted in order for a debtor to recover damages under § 362(k)(1).

### 3. *The Historical Evolution of the Proceeding to Recover Damages for Violation of the Stay*

The historical evolution of the proceeding to recover damages supports the proposition that damages for violation of the stay may be pursued by motion as a con-

---

tered through the case and in which a third party has an interest, such as a lien. The fourth exception is a proceeding under Bankruptcy Rule 2017. That Rule permits the court upon motion to examine fees paid to an attorney by the debtor and determine whether such payment is excessive. Presumably, if any payment is deemed excessive, the amount of fees overpaid would constitute property of the estate over which the trustee could then assert dominion. The final exception is a proceeding under Rule 4003(d). Under Rule 4003(d) a debtor may avoid or strip a lien on exempt property pursuant to Code § 522(f) to the extent the lien impairs an exemption in that property through a motion under Rule 9014. Again, this exception deals with the debtor's removal of a creditor's lien on physical property. All of these exceptions deal with a trustee's or other interested party's attempt to assert dominion over money or property.

5. The United States' argument seems to implicitly suggest that any proceeding to obtain a monetary judgment must be through an adversary proceeding. While the court agrees that many proceedings resulting in a monetary judgment must be pursued through an adversary proceeding, not all must. For instance, sanctions for filing documents in violation of Rule 9011 are to be pursued by motion, but similar to an award under Code § 362(k)(1), may include a monetary award of attorney fees and expenses. *See* Fed. R.Bankr.P. 9011(c). In this regard, it is significant to note that Congress incorporated Federal Rule of Civil Procedure 54 and Bankruptcy Rule 7054 regarding the entry of judgments into contested matters through Rule 9014(c).

tested matter, rather than having to be pursued through an adversary proceeding.

■ As previously noted, subsection (k)(1) was originally added as subsection (h) through the Bankruptcy Amendments Act of 1984. Prior to that time, courts generally addressed violations of the stay through their contempt power. *See In re Crabtree*, 767 F.2d 919, 1985 WL 13441 (6th Cir.1985) (table) ("There is no question that violation of the automatic stay is a civil contempt of court."); *Archer v. Macomb County Bank*, 853 F.2d 497, 498 (6th Cir.1988); *Lagniappe Inn of Nashville, Ltd. v. Washington Nat'l Ins. Co. (In re Lagniappe Inn of Nashville, Ltd.)*, 50 B.R. 47, 50 (Bankr.M.D.Tenn.1985); and *In re Depew*, 51 B.R. 1010 (Bankr.E.D.Tenn. 1985). Contempt proceedings have generally been pursued through motions. *See Annese v. Kolenda (In re Kolenda)*, 212 B.R. 851, 852 (W.D.Mich.1997); *Price v. Pediatric Academic Ass'n*, 175 B.R. 219, 222 (S.D.Ohio 1994); and *In re Skeen*, 248 B.R. 312 (Bankr.E.D.Tenn.2000).[6] In add-

ing § 362(h) to the Bankruptcy Code in 1984, if Congress had wanted to change the practice of pursuing violations of the stay by motion, it could have explicitly done so at any time since 1984. Congress has amended the Bankruptcy Code and approved changes to the Federal Rules of Bankruptcy Procedure on a number of occasions since 1984, but has never amended Rule 7001 to require violations of the stay to be pursued through adversary proceedings. As noted by a number of courts, Rule 7001(1) explicitly lists ten such proceedings, but has not included a proceeding for violation of the stay as one of those proceedings. *See Fortune & Faal v. Zumbrun (In re Zumbrun )*, 88 B.R. 250, 252 (9th Cir. BAP 1988); *In re Hooker Invs.*, 116 B.R. 375, 378 (Bankr.S.D.N.Y.1990). Thus, from a historical perspective, stay violation proceedings have always been pursued by motion and there has been no clear legislative expression that those proceedings must now be pursued through an adversary proceeding.[7]

6. Following the addition of subsection (h), now (k)(1), to § 362, some courts have determined that a stay violation may still be addressed through § 105 and the court's contempt powers. *See In re Martin*, 2011 Bankr.LEXIS 5720, at *16 (Bankr.S.D.Miss. Sept. 30, 2011) and the authorities cited in that decision for that proposition. *See also Standard Indus. v. Aquila Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240, 1246 (10th Cir. 2010) (holding that because Rule 9020 provides that Rule 9014 governs contempt motions, a party may pursue a violation of the stay through a contempt motion and need not do so through an adversary proceeding).

7. As noted, the United States argues that those courts which have not required an adversary proceeding rely on Bankruptcy Act cases decided at a time when the stay existed by rule or general order, and not by statute, and that, consequently, the stay was enforceable only through contempt proceedings. The United States believes that after the Bankruptcy Code was adopted, doubts concerning the bankruptcy courts' contempt

power led to the enactment of what is now § 362(k) to provide for a damages remedy for willful stay violations. The court agrees that the ambiguity about whether bankruptcy courts could enforce the stay and compensate debtors for violations of the stay through its contempt powers or through other means led to the enactment of § 362(h) (now § 362(k)(1)). However, that Congress amended the statute to give the bankruptcy courts the authority to both enforce the stay and to provide compensation for violations of the stay through a statutory amendment does not lead to the conclusion that the procedure for seeking redress for violations of the stay must be by adversary proceeding. But other statutory violations, including violation of the discharge injunction are pursued by motion. *See Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1191 (9th Cir.2011) (violation of the discharge must be pursued by motion and not through an adversary proceeding); *Keeler v. Academy of Am. Franciscan History, Inc. (In re Keeler)*, 257 B.R. 442, 444 (Bankr.Md. 2001) (discharge violation pursued through a

#### 4. *Policy Arguments*

In addition to its argument based upon the language of Bankruptcy Rule 7001(1), the United States argues that there are policy reasons which support its conclusion that adversary proceedings should be used to pursue stay violations. This court concludes that if there are such policy reasons, the policy reasons supporting the use of a contested matter to address stay violations predominate over any policy reasons supporting the use of an adversary proceeding. However, before the court explains those reasons, a brief discussion of the differences between an adversary proceeding under Part VII of the Bankruptcy Rules and a contested matter under Rule 9014 is beneficial.

 *Distinction Between an Adversary Proceeding Under Bankruptcy Rule 7001 and a Contested Matter Under Rule 9014.* There are two different types of litigated proceedings within bankruptcy cases: adversary proceedings and contested matters. While the United States goes to great lengths to distinguish these two types of proceedings, frequently the difference between in practice is much less. Both may end with a decision following a contested evidentiary trial or hearing.

 Adversary proceedings are lawsuits filed within a bankruptcy case and are governed by Part VII of the Bankruptcy Rules. These Bankruptcy Rules, in large part, incorporate the Federal Rules of Civil Procedure. An adversary proceeding is commenced through the filing of a complaint and requires the service of the complaint with a summons. *See* Bankruptcy Rules 7001, 7003, & 7004. As noted earlier, Bankruptcy Rule 7001 enumerates the proceedings which must be pursued through an adversary proceeding.

Contested matters are provided for by Bankruptcy Rule 9014, which incorporates most of the Bankruptcy Rules governing adversary proceedings, as well as the Federal Rules of Civil Procedure. *See* Bankruptcy Rule 9014 and *State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1077 (10th Cir.1996); *Barrientos v. Wells Fargo*, 633 F.3d 1186, 1189–90 (9th Cir.2011) (both distinguishing adversary proceedings and contested matters).

If an adversary proceeding is not required under Bankruptcy Rule 7001, then the request for damages for violation of the automatic stay is pursued by motion. "In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed.R.Bankr.P. 9014(a). Thus, determination of the issue presented by the United States requires the court to interpret Bankruptcy Rule 7001, and particularly, Rule 7001(1).

 *Due Process Issues.* The United States argues that due process concerns militate in favor of requiring adversary proceedings is in order for a debtor to recover damages for violation of a stay. This argument has been soundly rejected in a number of decisions. *See In re Dunning*, 269 B.R. 357, 368 (Bankr.N.D.Ohio 2001); *Zumbrun*, 88 B.R. at 252; and *In re Hooker Invs.*, 116 B.R. 375, 378 (Bankr. S.D.N.Y.1990). These decisions amply demonstrate that the procedures afforded in contested matters provide all the process that is due. There are no differences

motion as a contested matter); *In re Horton*, 87 B.R. 650, 651 (Bankr.D.Colo.1987) (same). The multitude of bankruptcy decisions since 1984 in which bankruptcy courts issued contempt citations for violations of the stay based upon contempt motions also belies this proposition.

between service of the complaint in an adversary proceeding and the manner of service of a motion in a contested matter. Bankruptcy Rule 9014(b) specifically provides that a motion "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Likewise there are no differences between adversary proceedings and contested matters as to the availability of discovery because Rule 9014(c) makes the discovery rules (Fed.R.Bankr.P. 7026 and 7028–7037) applicable to contested matters. For these and other reasons, pursuit of a proceeding as a contested matter when, under the Bankruptcy Rules, it should have been pursued as an adversary proceeding is frequently found to be harmless error. See *Tully Constr. Co. v. Cannonsburg Envtl. Assocs., Ltd. (In re Cannonsburg Envtl. Assocs., Ltd.)*, 72 F.3d 1260, 1264–65 (6th Cir.1996); *Trust Corp. of Montana v. Patterson (In re Copper King Inn, Inc.)*, 918 F.2d 1404, 1406–07 (9th Cir.1990). *See also* Fed. R. Bankr.P. 9005 (incorporating Fed. R. Civ. P. 61) ("... the court must disregard errors that do not affect any party's substantial rights.").

*Uniformity Within the Circuit.* While uniformity within a particular district on such procedures is particularly beneficial to bankruptcy practitioners, uniformity across district and state borders within a circuit is also advantageous.[8] Uniformity on such issues and procedures prevents "traps" for the non-local practitioner unfamiliar with the particular customs of a particular region.

*Expedience, Flexibility, and Economics.* Bankruptcy courts should be able to address violations of the stay with the more expeditious and flexible procedures a contested matter provides. A debtor harmed through a willful violation of the automatic stay should not have to engage in the more elongated litigation procedures which accompany adversary proceedings. When the bankruptcy stay is willfully violated, prompt relief is warranted to provide the debtor with the benefit of the stay to which the debtor is entitled and to restore the debtor to the position that the debtor held when the stay was violated.

The alleged facts of the Motion, with a few foreseeable differences and changes made for illustrative purposes, provide a good example of why relief for a violation of the stay frequently needs to be addressed with the more prompt and flexible procedures which contested matters provide.[9] Ballard has alleged that, in violation of the stay, the IRS continued to garnish funds after he filed his bankruptcy petition. Frequently, garnished funds are needed by debtors to meet their basic living needs and, thus, garnishment of such funds in violation of the stay requires the court to remedy that situation in an expeditious manner to avoid a potentially devastating impact on the debtors. Putting such a remedy on an adversary proceeding track could impact the primary objective of bankruptcy—to give the honest debtor a fresh start.

The advantage of using the contested matter procedures for stay violations is the flexibility they provide. Many stay violation allegations can be addressed in a shorter timeframe and do not require ex-

---

8. Of course, if this court determined that, in its view of the law, the procedures in other districts were improper, it would follow a different path.

9. By using the general facts of this case as the basis for an illustration, the court is not opining on the merits of the debtor's claim; but rather, is merely using the garnishment situation as an example of how conduct in violation of the stay could significantly hamper a debtor's fresh start if not promptly addressed.

tensive briefing, discovery, or other litigation procedures. The court's experience is that many stay violation allegations are resolved with telephone calls between legal counsel. Requiring an adversary proceeding with a full-blown trial and a pretrial scheduling order to decide whether a debtor is entitled to damages for alleged stay violations would result in an unnecessary expenditure of resources by the court, parties, and counsel.[10] However, some stay violation matters may require more extensive briefing, discovery, or other pre-hearing procedures and a lengthier evidentiary hearing. The procedures for contested matters allow for such circumstances. As previously stated, the discovery rules provided by the Federal Rules of Civil Procedure are available in contested matters. *See* Fed. R. Bankr.P. 9014(c). Federal Rule of Civil Procedure 42 concerning the consolidation or separation of hearings and trials is also available to the court in contested matters. *Id.* In addition, even if a particular Federal Rule of Civil Procedure is not specifically made applicable to contested matters through Rule 9014(c), the court may, at any stage of the proceeding, direct that one or more of the other Federal Rules of Civil Procedure apply. *See id.* Finally, Congress made sure that bankruptcy judges have the tools they need to manage litigation before them, providing in § 105 that:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
>
> * * *
>
> (d) The court, on its own motion or on the request of a party in interest—
>
> (1) shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and
>
> (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically . . .

11 U.S.C. § 105. In short, the tools which a bankruptcy court and parties have through § 105 and Rule 9014 to manage, prosecute, and adjudicate a contested matter allow the court and parties to give the matter whatever time, resources, and procedures are appropriate to resolution of the matter, without being constrained by the more rigid procedures involved with adversary proceedings, which frequently would be unnecessary and result in the expenditure of unnecessary time and resources.[11]

---

10. *Dean v. Global Fin. Credit (In re Dean)*, 359 B.R. 218, 224 (Bankr.C.D.Ill.2006), a case cited by the United States in support of its position, involved a creditor who sought dismissal of the debtors' adversary complaint for damages for violation of the stay, arguing that the debtors should have pursued that relief through a motion because "the issue is one of litigation economics: a contested matter is less costly to defend."

11. Based upon comments which counsel for the United States made during a telephonic conference on this matter, it appears that the United States' insistence that debtors use adversary proceedings to pursue violations of the stay is based upon one or several unusual circumstances under which the debtor or debtors were seeking extraordinary damages on account of allegations that the United States improperly exercised control over

*Time Provided to Respond.* One of the primary differences cited by counsel for the United States for desiring adversary proceedings over contested matters—that governmental units have 35 days to answer an adversary complaint,[12] as opposed to 21 days to answer a motion, does not justify use of an adversary proceeding for stay violations. With the three day mail rule of Bankruptcy Rule 9006(f) applied to motions served by mail or through electronic service, the difference in the response time is actually eleven days. In addition, it is the experience of this court that when additional time is needed for a party to respond to a motion, it is freely granted through agreement of counsel and, if necessary, through an order of the court. Further, this difference is even less for nongovernmental parties, which are more often the parties involved in stay violation matters, because nongovernmental defen-

dants have 30 days after issuance of the summons to answer an adversary complaint.[13] *See* Fed. R. Bankr.P. 7012(a). Thus, the additional time given for parties to file an answer to a complaint does not support any policy reason for construing the Bankruptcy Rules to require that adversary proceedings be used to recover damages for a stay violation under § 362(k).

## V. Conclusion

■ This court agrees with the other judges within the Sixth Circuit and the majority of other courts who have addressed the issue and holds that an adversary proceeding is not required to recover damages for violation of the stay. A debtor may proceed by motion through a contested matter pursuant to Bankruptcy Rule 9014 to recover damages for such a violation.[14] The court will contemporane-

business assets. Those situations are not by any means the typical alleged stay violations that this court experiences. Most alleged stay violations this court experiences involve individual consumer debtors who have received collection letters or telephone calls from creditors or collection agencies seeking to collect a debt, with limited or no demonstrable out-of-pocket damages incurred by the debtors. However, as discussed, contested matters allow for the flexibility to deal with even those more extraordinary circumstances with increased procedures, while allowing simpler matters to be addressed more economically and expeditiously.

**12.** *See* Fed. R. Bankr.P. 7012(a). Under the Federal Rules of Civil Procedure, the United States has 60 days to answer or otherwise respond to a complaint (*See* Fed.R.Civ.P. 12(a)(2)). Yet, Bankruptcy Rule 7012 does not incorporate Federal Rule of Civil Procedure 12, but instead gives the United States a shorter time within which to respond to a complaint, recognizing the time-sensitive nature of bankruptcy matters.

**13.** In litigation, procedural and practical issues which are unique to the United States or governmental entities do not provide a basis

for this court's determining that adversary proceedings should be used to adjudicate stay violations. Stay violations are asserted against private and public entities alike and the Bankruptcy Rules apply equally to them, with limited exceptions such as the time which they have to answer an adversary complaint.

**14.** While the court finds that damages for violation of the stay may be pursued through a motion as a contested matter, the court also finds it acceptable to pursue such relief through an adversary proceeding if the debtor or other party seeking such relief proceeds in that manner. The focus of the court with respect to the choice of procedure—whether contested matter or adversary proceeding— should simply be to ensure that due process is observed. As long as due process is observed, the procedural mechanism through which the relief is sought may be left to the party seeking the relief. The parties and court have the tools to appropriately manage the litigation once it is commenced regardless of whether it is commenced as an adversary proceeding or as a contested matter. *See In re Dean,* 359 B.R. 218, 223 (Bankr.C.D.Ill.2006) and *In re Dunmore,* 262 B.R. 85, 87 n. 1 (Bankr.

ously enter an order consistent with this decision.

**IT IS SO ORDERED.**

N.D.Cal.2001) ("the court is not aware of any case which has voided a judgment in an adversary proceeding because it should have been litigated as a contested matter").