JAMES L. DENNIS, Circuit Judge,
dissenting:
This case presents difficult questions of bankruptcy law that do not lend themselves to easy answers. Respectfully, however, the majority’s resolution of the case appears to me to be in tension with current bankruptcy .court practice. For the reasons that follow, I respectfully dissent.
The present dispute stems from an involuntary bankruptcy petition filed against Harry McMillan (in bankruptcy parlance, the “alleged debtor”) by Thomas Aigner (the “petitioning creditor”). Before filing the petition, Aigner entered into a contract with two others, Donal Schmidt and Thi-mothy Wafford, giving them sole authority to select bankruptcy counsel and control the prosecution of the case, even though they weren’t joining it as petitioning creditors. The bankruptcy court, holding that this arrangement was impermissible (for reasons that are irrelevant to the present appeal and need not be elaborated upon here), dismissed the case.[1] McMillan sought attorney’s fees, costs, and. damages under 11 U.S.C. § 303(i) — which affords alleged debtors such relief upon dismissal of their involuntary bankruptcy cases— from Aigner, Schmidt, and Wafford.[2] McMillan later settled with Aigner, leaving only Schmidt and Wafford. McMillan sought the § 303(i) attorney’s fees, costs, and damages from Schmidt and Wafford by serving them with a so-styled “motion” for relief. He did not serve them with summonses and a complaint.
McMillan’s demand for § 303(i) attorney’s fees, costs, and damages from Schmidt from Wafford presents two issues. First, as a matter of procedure, did service of McMillan’s motion - adequately bring Schmidt and Wafford within the jurisdiction of the bankruptcy court to allow that court to assess attorney’s fees, costs, and damages against them? If so, second, as matter of substantive law, does § 303(i) allow for such relief from persons, like Schmidt and Wafford, who did not join the involuntary bankruptcy petition as petitioning creditors but nevertheless caused the petition, to be filed? The majority answers the first question in the negative and does not reach the second. I will address both questions in turn.
As to the first question, the majority holds that McMillan’s service of a motion for damages on Schmidt and Wafford was inadequate to bring them into the jurisdic *212 tion of tbe bankruptcy court. Ante, at 210-11. The majority concludes that, in order for the bankruptcy court to exercise jurisdiction over Schmidt and Wafford, McMillan must begin an adversary proceeding against them, which requires service of summonses and a complaint rather than a motion. Id. Respectfully, this holding appears to me to be in tension with the current prevailing practice in bankruptcy courts, as I will explain.[3]
The bankruptcy rules create two potential avenues through which disputes may be resolved: (1) adversary proceedings, Fed. R. Bankr.P. 7001, and (2) contested matters, Fed. R. Bankr.P. 9014. Every dispute that arises in bankruptcy is resolved through one or the other.[4] Pertinent here is that different documents are used to initiate adversary proceedings and contested matters. An adversary proceeding is initiated with a summons and complaint. Fed. R. Bankr.P. 7004(a)(1) (incorporating Fed.R.Civ.P. 4(c)(1)).[5] A contested matter is initiated with a motion. Fed. R. Bankr.P. 9014(a).[6] Therefore, the question here is whether McMillan’s demand for attorney’s fees, costs, and damages under § 303(i) must be asserted in an adversary proceeding or as a contested matter. If an adversary proceeding is the required vehicle for the dispute, as the majority holds, then McMillan erred when he served a motion rather than summonses and a complaint. But if a contested matter is a proper vehicle, then McMillan followed the correct procedure when he served Schmidt and Wafford with a motion.
Bankruptcy Rule 7001 defines the types of disputes that must be asserted in adversary proceedings. The subsection most relevant here is (1), which provides that adversary proceedings include (subject to certain exceptions inapposite here) “proceeding[s] to recover money or property.” It is certainly reasonable to hold, as the majority does, that a demand for attorney’s fees, costs, and damages under § 303(i) seeks “to recover money” as that phrase is used in Rule 7001(1) and therefore requires an adversary proceeding. However, it appears that the majority of bankruptcy courts have construed Rule 7001(1) more narrowly and in fact hold that at least some analogous disputes should be resolved as contested matters— *213 not adversary proceedings — as I will now explain.
While there is no case law (not before today, at least) addressing whether § 303(i) disputes . with non-petitioning-creditors (like Schmidt and Wafford) should be resolved in adversary proceedings or as contested matters, there is abundant case law as to whether requests for relief under a different section, 11 U.S.C. § 362(k) — which affords debtors attorney’s fees, costs, and damages for violations of the bankruptcy automatic stay— should be resolved in adversary proceedings or as contested matters.[7] And, the prevailing practice in the vast majority of bankruptcy courts (at least, in those that have addressed the issue in written opinions) is for § 362(k) disputes to be resolved as contested matters that are initiated by motion. See In re Ballard, 502 B.R. 311, 313 n. 1 (Bankr.S.D.Ohio 2013) (collecting cases).[8] Ballard and the cases cited therein explain the rationale these courts adopt for resolving § 362(k) disputes as contested matters, and it is unnecessary for me to repeat their reasons here. The pertinent point is, if it is correct under the bankruptcy rules, as the majority of bankruptcy courts appear to believe, to resolve § 362(k) disputes as contested matters, then, for the sake of consistency, I see no reason that it shouldn’t also be correct for § 303(i) disputes to be resolved as contested matters, too. I discern no material difference between the two sections, both of which afford attorney’s fees, costs, and damages when the bankruptcy rules have been violated. Thus, the majority’s holding — that McMillan must, as a jurisdictional prerequisite, initiate an adversary proceeding against Schmidt and Wafford with service of summonses and a complaint — is contrary to the analogous practice of resolving disputes under § 362(k) as contested matters that are initiated by motion.
I note, too, that when appropriate circumstances arise, bankruptcy courts sometimes sua sponte exercise jurisdiction over potential violators of the automatic stay. See, for example, In re Lee, 35 B.R. 452, 455 (Bankr.N.D.Ga.1983), in which the bankruptcy court sua sponte ordered a bank, which was not previously part of the bankruptcy case, to show cause why its conduct (specifically, its closure of the debtors’ bank accounts) did not violate the automatic stay. The majority’s holding— that an adversary proceeding initiated by summonses and a complaint is a jurisdictional prerequisite here — is also contrary to this practice of bankruptcy courts sua sponte addressing potential violations of the automatic stay.
To summarize, there is tension between the majority’s holding here and the current prevailing practices in bankruptcy court. I am hesitant to upset or disturb these customs in the absence of a clear *214 indication that the law so requires, and I see no such indication here. Therefore, I would hold, in accordance with what appears to be the prevailing practice in bankruptcy courts as to § 362(k), an analogous provision, that § 303(i) disputes, including McMillan’s dispute with Schmidt and Waf-ford, may be initiated by motion and resolved as contested matters. I respectfully dissent from the majority’s contrary holding that the bankruptcy court here was without jurisdiction to act because McMillan failed to serve Schmidt and Waf-ford with summonses and a complaint.
The second issue in this case is whether § 303(i) as a substantive matter allows for damages from persons, like Schmidt and Wafford, who did not join the involuntary bankruptcy petition as petitioning creditors but nevertheless caused the petition to be filed. Because the majority doesn’t reach this question, there is no need for me to decide it here. I will briefly note, though, that one of McMillan’s theories appears to have potential merit. That is, he argues that § 303(i) implicitly incorporates the common law doctrine of agency holding that principals are liable for the authorized acts of their agents. (Here, he claims that Aigner, the petitioning creditor, filed the involuntary bankruptcy petition in his capacity as an agent for Schmidt and Wafford, the principals.) If § 303(i) indeed implicitly incorporates common law doctrines of agency liability, it would not be the first federal statute to do so. See, e.g., Meyer v. Holley, 537 U.S. 280, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003) (Fair Housing Act); Am. Soc’y of Meek Eng’rs, Inc. v. Hydrolevel Corp., 456 U.S. 556, 102 S.Ct. 1935, 72 L.Ed.2d 330 (1982) (Sheran Act); Wood v. Holiday Inns, Inc., 508 F.2d 167 (5th Cir.1975) (Fair Credit Reporting Act); Paul F. Newton & Co. v. Tex. Commerce Bank, 630 F.2d 1111 (5th Cir.1980) (Securities Exchange Act); Chowdhury v. Worldtel Bangladesh Holding, Ltd., 746 F.3d 42 (2d Cir.2014) (Torture Victim Protection Act); 1-800-Contacts, Inc. v. Lens.com, Inc., 722 F.3d 1229 (10th Cir.2013) (Lanham Act). The next time this issue arises, it deserves serious consideration.
For the foregoing reasons, I respectfully dissent.

. Aigner, Schmidt, and Wafford have not challenged the bankruptcy court’s dismissal of the involuntary bankruptcy case, so for purposes of deciding this appeal I will assume that the dismissal was proper.

. Section 303(i) provides: "If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment — (1) against the petitioners and in favor of the debtor for — (A) costs; or (B) a reasonable attorney’s fee; or (2)' against any petitioner that filed the petition in bad faith, for — (A) any damages proximately caused by such filing; or (B) punitive damages.”

. I note for the sake of clarity that there is no dispute-as to the method of service, which, here, was certified mail. Whether McMillan should have served Schmidt and Wafford with summonses and a complaint (as the majority holds) or a motion (as he did), certified mail was a proper method of service under the applicable rules. See Fed. R. Bankr.P. 7004(b)(1); Fed. R. Bankr.P. 9014(b); In re Ballard, 502 B.R. 311, 320-21 (Bankr. S.D.Ohio 2013) (noting that there are no differences between the permissible methods of service used to initiate adversary proceedings and contested matters); In re Dean, 359 B.R. 218, 221 (Bankr.C.D. Ill.2006) (same).

. Fed. R. Bankr.P. 9014 advisory comm, notes ("Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.”); Matter of Zale Corp., 62 F.3d 746, 762 n. 49 (5th Cir.1995) ("Contested matters are those issues for which Rule 7001 does not require an adversary proceeding.”); Ballard, 502 B.R. at 320 ("There are two different types of litigated proceedings within bankruptcy cases: adversary proceedings and contested matters.”).

. See also Ballard, 502 B.R. at 320 ("An adversary proceeding is commenced through the filing of a complaint and requires the service of the complaint with a summons.”).

. See also Dean, 359 B.R. at 222 ("The main difference between an adversary proceeding and a contested matter is that an adversary proceeding must be commenced by the filing and service of a complaint that meets specific notice and formatting requirements and which must be accompanied by a summons directed to the named defendant.”).

. The automatic stay is defined in 11 U.S.C. § 362(a). Generally, it provides that once a bankruptcy petition is filed, creditors are prohibited "from making collection efforts against the debtor or the property of the debt- or’s estate.” Campbell v. Countrywide Home Loans, Inc., 545 F.3d 348, 353 (5th Cir.2008) (paraphrasing § 362(a)). Additionally, courts have held that non-creditors, who are not attempting to collect on a debt, can violate the automatic stay in certain circumstances, too. See, e.g., In re Lee, 35 B.R. 452 (Bankr. N.D.Ga.1983).

. In allowing § 362(k) disputes to be resolved as contested matters that are initiated by motion, it appears that bankruptcy courts do not distinguish between demands for § 362(k) damages from creditors who previously received notice of the bankruptcy case, see, e.g., In re Meadows, 396 B.R. 485 (B.A.P. 6th Cir.2008), and others who did not have prior notice of or participation in the bankruptcy case, see, e.g., In re Hill, 523 B.R. 704 (Bankr.D.Mont.2014).